**Sheila Diane CAMP, Appellant,**

v.

**Dewayne CAMP et al., Appellees.**

**No. 18164.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 29, 1979.

Rehearing Denied Dec. 27, 1979.

West Texas Legal Services, and Geoffrey M. Gay, Fort Worth, for appellant.

Nichols & Thompson, and Larry M. Thompson, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

From a judgment *nihil dicit* in a suit for divorce by appellee Dewayne Camp, wherein intervenors who were the paternal grandparents of the Camp's minor child sought and obtained custody, appellant/defendant timely moved for new trial. Hear-

ing thereon was beyond the time within which there is provided to be a "presentment" of such a motion for new trial. The trial court refused to permit introduction of evidence. The motion for new trial was overruled and appeal was brought to this court.

We affirm.

■ One question presented by the appeal is whether the trial court erred in overruling the motion for new trial. Another question relates to authority of the trial court to grant custody of the minor child to the paternal grandparents. The plaintiff/appellee husband, having been a member of the United States armed forces, and as such accumulating retirement and pension benefits conditioned upon sufficient length of service to become entitled thereto, error is charged to the trial court's failure to consider the community interest in future benefits. The last complaint is without merit for the judgment, in the partition of existent property in such benefits gave them to the husband and divested the wife of any interest; and, of course, the wife would not be entitled to any interest in benefits to be accumulated after the date of the divorce.

On the question of error in overruling the motion for new trial, the Supreme Court, in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966), where the form of judgment was *nihil dicit* in that answer had been filed, cited the correct rule to be stated by its prior opinion in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939) in that the same rule would apply, as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. . . ."

■ There was never an amendment of the motion for new trial. That motion averred that the failure to appear at trial was not intentional nor the result of conscious indifference, but due to duress and the fact that defendant had no specific information as to the trial date. The record made on the trial of the merits was sufficient to defeat the claim of want of notice of trial date. Anyway the motion itself was neither signed by the movant nor accompanied by her affidavit. There was an affidavit by defendant's attorney of record, but the only "verification" was by his statement that "the facts and allegations contained in the Motion for New Trial are true and correct to the best of my belief." Such an affidavit is insufficient to present allegations · necessary to be verified. If the allegations could be considered to qualify to do so there was not timely proffer of evidence in support, as will be hereinafter discussed.

■ Furthermore, there would not be error in refusing a new trial because there was no allegation or demonstration that the granting of a new trial, with consequent delay and additional expense to plaintiff, would not work an inequitable injury to the defendant's adversaries—which injury if any, was one which defendant did not seek to mitigate by diligence in filing her motion and getting it up for hearing, nor by tendering to plaintiff or · intervenors their expenses incurred in connection with the first trial. · *Griffin v. Duty*, 286 S.W.2d 229 (Tex.Civ.App.—Galveston 1956, no writ); *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958 (Tex.1975). See discussion of these cases and others in this court's opinion in *Crabbe v. Hord*, 536 S.W.2d 409, 413 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.), cert. den. 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 776 (1977), and *Mitchell v. Webb*, Docket No. 18209 (Tex. Civ.App.—Fort Worth, October 25, 1979) (not yet reported).

■ At the hearing there appears to have been the desire of attorney for defendant to present some form of documentary evidence. Admission of the evidence was

denied by the court. We do not know that of which such evidence consisted, at least from the record, for no bill of exceptions was developed to preserve the error contended so that this court could see what the evidence was that was desired to be introduced. By reason of this the defendant must be held to have waived any right to claim error because of the exclusion of evidence for want of a perfected bill of exception.

■ Furthermore, there would not be error in overruling the motion which would require reversal of the judgment of the trial court because it was not "presented" within the thirty (30) day period following the date on which defendant's motion for new trial had been filed. It was not until November 20th, 1978 more than thirty (30) days thereafter that the motion was "heard". Tex.R.Civ.P. 329b, "District and County Court Cases" prescribes relative to motions for new trial (at its section 4) that:

"It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within thirty (30) days after the same is filed. However, at the discretion of the judge, an original motion or amended motion for new trial may be presented or hearing thereon completed after such thirty (30) day period. . . . In the event an original motion or amended motion for new trial be not presented within thirty (30) days after the date of the filing thereof, *and the judge in his discretion refuses to consider the same or refuses to hear evidence relating thereto,* such motion will be overruled by operation of law forty-five (45) days after the same if filed, unless disposed of by an order rendered on or before said date. . . ." (Emphasis supplied.)

In 1951 the Rule, of which Rule 329b became the successor, was embodied in Rule 330(j). In general the provisions by the Rule were the same, except formerly there was no provision by the words we have emphasized in copying from Rule 329b. In other words there was in Rule 330(j) an absence of the provision that "the district judge in his discretion refuses to consider the same or refuses to hear evidence relating thereto": and because of this there was no provision that the trial court had any discretion to "consider" the motion for new trial where not "presented" within the 30 days provided by rule. In 1951 there was no provision that the trial court had any discretion to hear evidence after the 30 days for its "presentment"; now there is such discretion by Rule 329b. Formerly, if there was evidence introduced in support of a motion for new trial after the time provided for "presentment" it could not be treated as supplying reason for reversal where there had not been a timely "presentment"; now it can be if the trial court will admit it.

The best explanation we have observed is found in *Texas Livestock Marketing Ass'n. v. Rogers,* 244 S.W.2d 859, 863 (Tex.Civ. App.—San Antonio 1951, writ ref'd n. r. e.), from which we copy:

"Unless Rule 330(j) (now 329b) is construed as requiring that all preliminary matters such as the introduction of evidence be gotten out of the way and completed within the thirty-day period, then the very purpose of the rule will fail and there will be great delay in passing upon motions for new trial by trial courts. Under the facts in this case, the testimony offered on the seventh day after the presentment of the amended motion for a new trial came too late and cannot be considered by us."

(In the above case the date of presentment was within 30 days but date evidence heard was after expiration of 30 days.)

Affirmance of the trial court's judgment is the proper order unless it be that reversible error is presented by defendant's third point of error, reading as follows:

"The trial court erred in that neither the Court nor the Petitioner nor Intervenors complied with Section 14.08 of the Texas Family Code."

The assignment of error in defendant's Motion for New Trial in the trial court read, as follows:

"The Trial Court erred in granting intervenors' managing conservatorship over the child SHAWN LEE CAMP, in that there was a pre-existing and valid court order from the State of South Carolina wherein Respondent was given custody over her minor child, SHAWN LEE CAMP. The South Carolina decree is res judicata as to the parties in this case, and irrespective of the correctness of the South Carolina decree, it is nonetheless binding on the parties in this case until set aside in a proper proceeding in South Carolina instituted for that purpose."

The interest of the State of South Carolina, if any, is not necessarily important. Nowhere was there shown that any custodial right pertaining to the child had actually been adjudicated by a South Carolina decree, or even the existence of any such decree, either by evidence of the defendant (who was not even present) or by any properly verified representation of the existence of such evidence. Of importance to any necessary determination would only be the petition of plaintiff upon which the case proceeded to trial, other instruments brought forward in the transcript, and the evidence adduced upon trial.

■ There having been nothing shown or requested relative to state of the law in any foreign state, if some antecedent action had in fact been taken by some court in South Carolina the presumption would be that it was by law identical to that of Texas. There is no question but that it would have been within the prior year. (By plaintiff's pleadings the minor child in question was born November 9, 1977. The case was called and proceeded to trial on September 11, 1978, a date of which the child would have been only slightly over the age of 10 months.) By the petitions of the plaintiff and intervenors there was allegation, as of the time they were filed, that the minor child in question was a ward of the State of South Carolina. By the evidence introduced on trial leading to the judgment *nihil dicit* South Carolina authorities had delivered the possession of the child to intervenors sometime prior thereto, either in their individual capacities or as agents for the plaintiff father.

■ The intervenors alleged, though the plaintiff did not, that "[n]o other Court has continuing jurisdiction in this matter." Intervenors also plead that "[t]he names and addresses of the persons entitled to notice in this cause are as follows: . . . Social Services, Charleston, Charleston County, South Carolina, Attn: Mrs. Powell." Their prayer included request that citation and notice be issued to all persons named above, etc., which included Social Services at Charleston. The transcript brought forward by defendant for purposes of the appeal did not include anything relative to citation or notices or return thereof. Not included in the transcript is any request made by defendant relative to what should be included. Under these circumstances the presumption is that there had been proper issuance and return of all citations and notices including that to the named agency in South Carolina. Tex.R.Civ.P. 376–a, "Form of Transcript", which includes the "Supreme Court Order Relating to Preparation of Transcript".

■ Tex.Family Code Ann. § 14.08, (1975) "Modification of Order", provides in part that where there has been a former decree of appointment of a conservator of a minor child, and the motion before the court is filed for the purpose of changing the designation of managing conservator and is filed within one year after the date of issuance of the order or decree to be modified, there should be attached to the motion an affidavit executed by the person making the motion showing one or more of the circumstances prescribed thereby. One of these is that the change or modification of physical custody is in the best interest of the child, with supportive facts. While supportive facts were not in the affidavit making the representation relative to the best interest of the child, there were supportive facts applicable to the material times proved at the trial. We hold there to have been compliance with the law. There was satisfaction of the provisions of Sec. 14.08 because no exception was taken to the in-

tervenors' pleadings or affidavit prior to or upon trial and the requisite facts which should have been included in the affidavit were proved. (To be remembered is that necessity of any of this was not apparent in the state of the record in this case.)

If the fact that the minor child had become the ward of the State of South Carolina by what plaintiff contends to have been pursuant to an adjudication amounting to a decree which established managing conservatorship, there would, nevertheless, have been shown that there was appropriate jurisdiction of the trial court to entertain the whole case and to render the judgment it did render. In so holding we have considered defendant's cited case of *Brown v. Brown*, 555 S.W.2d 784 (Tex.Civ.App.—El Paso 1977, no writ), relating to provision of Tex.Family Code Ann. § 11.071, (1975) "Identification of Court of Continuing Jurisdiction". We do not deem the El Paso court's decision to affect our own holding under the facts of this case.

All points of error presented have been severally considered. All of them are overruled.

The judgment is affirmed.