Jeanne M. GRAVES, Appellant,

v.

Charles M. GRAVES, Appellee.

No. 01–93–00415–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 18, 1996.

Hugh T. Echols, Houston, for appellant.

Walter P. Mahoney, Jr., Pasadena, for appellee.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and ANDELL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from an "Order to Modify in Suit Affecting the Parent–Child Relationship." The appellant, Jeanne M. Graves (Jeanne), challenges in four points of error the trial court's entry of a modification order. We reverse and remand.

### Background Facts

Jeanne and her husband Charles M. Graves (Charles), the appellee in this case, were divorced on February 1, 1991. In its decree, the trial court appointed Jeanne as sole managing conservator of the parties'

only daughter, and Charles as possessory conservator. The court ordered Charles to pay Jeanne $350 per month in child support. The court also ordered each party to notify in writing the other party and the clerk of the court of any address changes.

■ Charles filed a "Motion to Modify in Suit Affecting the Parent–Child Relationship" on August 23, 1991.[1] Jeanne was served by citation by publication. TEX. R.CIV.P. 109, 114, 116. She did not appear in person at the hearing on the motion on October 27, 1992. Rather, Jeanne and the daughter were each represented by an attorney ad litem appointed by the trial court pursuant to TEX.R.CIV.P. 244. On November 17, 1992, the court entered an order on Charles' motion that removed Jeanne from her position as sole managing conservator of the daughter and appointed Charles as the sole managing conservator. The court found that it would not be in the daughter's best interest for Jeanne to be appointed possessory conservator and ordered that Jeanne was not entitled to access or possession of the daughter. Further, the court superseded and vacated all prior child support orders and ordered that Jeanne pay Charles $200 per month in child support. The court additionally issued a nonresident capias for Jeanne's arrest and a writ of attachment for the daughter.

Jeanne filed a sworn motion for new trial on January 21, 1993. See TEX.R.CIV.P. 329 (when served by publication, appellant who does not appear in person or by attorney of her own selection has two years for filing a motion for new trial). The trial court denied Jeanne's motion for a new trial on the motion to modify. However, the court held a hearing on Jeanne's motion for temporary orders, and on March 23, 1993, it entered an order granting Jeanne telephone access to the daughter a minimum of four times per week and supervised access four times per month.

Jeanne perfected her appeal of the modification order on April 22, 1993. She filed a

---

1. Although Jeanne and the child had already moved to Colorado when Charles filed his motion to modify, the record indicates that the motion was filed within six months of the move. Therefore, the trial court had subject matter jurisdiction over this case. See Act of May 2, 1983, 68th Leg., R.S., ch. 160, § 1, 1983 Tex.Gen.Laws 691, 693–94, amended by Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex.Gen.Laws 113, 141 (current version at TEX.FAM.CODE ANN. § 152.003(a)(1)(B) (Supp.1996)).

transcript and statement of facts, but this Court denied as untimely filed her motion for leave to file the statement of facts from the hearing on Charles' motion to modify the parent-child relationship. Nevertheless, a photocopy of the statement of facts from the hearing on the motion to modify was also included in the timely-filed transcript. Additionally, the record contains a statement of evidence pursuant to TEX.R.CIV.P. 244 that describes the evidence that was introduced at the hearing. Jeanne asserts that the record before this Court, even without the benefit of a statement of facts, establishes several reasons that the modification order should be reversed.

### Notice

■ In point of error two, Jeanne asserts the trial court did not have jurisdiction to render judgment against her because she was not properly served with citation.

In his motion to modify, Charles alleged that citation by publication or substituted service was necessary. Charles attached an affidavit in support of the motion in which he stated that Jeanne had moved from her residence without informing Charles or the court of her new address. Charles stated that he did not know Jeanne's residence or place of employment, and he exercised due diligence to locate Jeanne at her residence or place of business but was unable to do so. Charles further alleged that Jeanne had denied him complete access to the daughter and had denied all of his visitation privileges and rights. Jeanne was cited by publication with the motion to modify in *The Houstonian,* a newspaper published in Harris County, Texas.

Charles also filed a "Motion for Substituted Service," and the trial court entered an order on the motion that authorized service of citation and the motion by registered mail to Jeanne's last known mailing address in Fresno, Texas. The district clerk sent citation and a copy of the motion by certified mail to the address, but the transcript reflects that the mail was returned unclaimed. The transcript also contains additional motions for substituted service and orders on those motions, but it does not show whether additional citations and motions were sent to Jeanne, or whether she received these documents if they were sent.

Jeanne did not file an answer to the motion to modify, and the trial court appointed an attorney ad litem to answer on her behalf and represent her pursuant to TEX.R.CIV.P. 244. The ad litem retained a private service to locate Jeanne. When the ad litem believed that he had discovered Jeanne's address in Colorado, he mailed to that address a certified letter and a letter by first class mail that contained a copy of a motion to withdraw as her attorney ad litem, notified her in writing of the pendency of the case, and advised her to obtain legal counsel. The certified letter was returned unclaimed, but the letter mailed by first class was not returned. The trial court entered a finding of fact that it was uncontested that Jeanne received the letter by first class mail. The court did not allow Jeanne's ad litem to withdraw from the case, and the ad litem represented Jeanne at the hearing on the motion to modify.

■ We now consider whether Jeanne was properly served with process. As noted, the court clerk's attempt at service by mail pursuant to TEX.R.CIV.P. 106(a)(2) was unsuccessful because process was returned unclaimed. Further, assuming the truth of the trial court's finding that Jeanne received a copy of her attorney ad litem's motion to withdraw, this was not sufficient to constitute service of process. *See Wilson v. Dunn,* 800 S.W.2d 833, 837 (Tex.1990) (absent service, waiver, or citation, mere knowledge does not place any duty on a defendant to act). Therefore, we must determine whether Jeanne was properly served by citation by publication. If not, service of process was never accomplished and the court did not have jurisdiction to proceed with the motion to modify.

Jeanne's principal contention is that there is no affidavit in the record to support citation by publication. Rule 109 of the Texas Rules of Civil Procedure provides the following with regard to citation by publication:

When a party to a suit ... shall make oath
that the residence of any party defendant

is unknown to affiant, ... and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, ... the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant ... before granting any judgment on such service.

Jeanne contends that Charles' motion for substituted service was insufficient to support citation by publication because the motion was not supported by an affidavit pursuant to Tex.R.Civ.P. 109. Citation by publication is not a favored method of service of process because it is the least calculated to notify the defendant of the pendency of a judicial action. *See Mullane v. Central Hanover B. & T. Co.,* 339 U.S. 306, 313–15, 70 S.Ct. 652, 656–58, 94 L.Ed. 865 (1950). Issuance of citation by publication is not authorized without proper affidavit, even if facts exist that can be verified. *Sgitcovich v. Sgitcovich,* 150 Tex. 398, 241 S.W.2d 142, 147 (1951). As noted, Charles alleged in his affidavit supporting the motion to modify that he did not know Jeanne's residence after exercising due diligence to locate her whereabouts. Despite the strictness with which we are to construe rule 109, this was sufficient to satisfy the language of the rule. *Cf. Wood v. Brown,* 819 S.W.2d 799, 800 (Tex.1991) (affidavit did not satisfy rule 109 because it did not state that defendant's residence was unknown).

We overrule point of error two.

### Sufficiency of the Evidence

■ Jeanne contends in point of error one the trial court should not have conducted a hearing on Charles' motion to modify because the affidavit in support of his motion was not legally sufficient to show the daughter's present environment might endanger her physical health or emotional develop-

ment. As noted, Charles filed his motion to modify within one year of the date of the original divorce decree.

The Family Code states the following with regard to a motion to change managing conservators that is filed within one year of the original divorce decree:

(d) If the motion is filed for the purpose of changing the designation of the sole managing conservator and is filed within one year after the date of the rendition of the order or decree to be modified, there shall be attached to the motion an affidavit executed by the person making the motion. The affidavit must contain at least one of the following allegations *along with the supportive facts:*

(1) that the child's present environment may endanger his physical health or significantly impair his emotional development; or

(2) that the *sole* managing conservator is the person seeking the modification or consents to the modification, and the modification is in the best interest of the child.

(e) On the filing of a motion to which the provisions of subsection (d) of this section apply, the court shall deny the motion and refuse to schedule a hearing unless the court determines, on the basis of the affidavit, that adequate facts to support an allegation listed in subdivision (1) or subdivision (2) of subsection (d) of this section are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, a time and place for the hearing shall be set.[2]

■ When reviewing a trial court's decision regarding custody, control, and possession matters involving the child, the judgment or order will only be reversed if it appears from the record as a whole that the judge abused his discretion. *Voros v. Turnage,* 856 S.W.2d 759, 761 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *Worford v. Stamper,* 801

**2.** *See* Act of May 28, 1989, 71st Leg., R.S., ch. 371, § 6, 1989 Tex.Gen.Laws 1462, 1465, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch.

767, § 10, 1993 Tex.Gen.Laws 2989, 2998–99 (current version at Tex.Fam.Code Ann. § 156.102) (Supp.1996).

S.W.2d 108, 109 (Tex.1990); *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1993, no writ).

To determine whether the affidavit was sufficient, the trial court had to look at the facts sworn therein and make an initial determination whether, if true, these facts justified a hearing on the motion to modify. *See Mobley v. Mobley*, 684 S.W.2d 226, 229 (Tex. App.—Fort Worth 1985, writ dism'd). Charles was entitled to a hearing if he stated adequate facts to support the allegations that the daughter's physical health may be endangered or her emotional development significantly impaired by the present environment. *Id.* The facts alleged only had to be sufficient to show the possibility of harm rather than the existence of actual harm. *Id.*

Charles' affidavit in support of his motion to modify states:

> I do not have information concerning a pending proceeding in this or another state involving the child.
>
> The child's present environment may endanger her physical health or significantly impair her emotional development. Specific facts that support the above are:
>
> 1. JEANNE M. GRAVES allowed her "boyfriend" to move into her home prior to her move.
>
> 2. JEANNE M. GRAVES' "boyfriend" has denied me access to the child.
>
> 3. JEANNE M. GRAVES' "boyfriend" has threatened me with bodily harm.
>
> 4. Since I have been unable to communicate with my child and do not know of her whereabouts, I am concerned that she may be in danger or could have possibly already incurred physical and/or emotional problems due to her current environment.

We hold that this affidavit is insufficient to satisfy the requirements of the Family Code because it does not allege any facts that show that the daughter's present environment may endanger her physical health or significantly impair her emotional development. The affi-

davit does not state whether the existence of the boyfriend detrimentally affects the child nor does it even assert that the separation from her father in any way endangers the child or damages her emotional development.[3] *Compare Mobley*, 684 S.W.2d 226 at 229–30 (affidavit was sufficient where it contained specific facts why retention of father as sole managing conservator may significantly impair child's emotional development), *and Figueroa v. Figueroa*, 580 S.W.2d 621, 622 (Tex.Civ.App.—El Paso, no writ) (affidavit insufficient where it merely alleged that, since entry of decree appointing mother as managing conservator, father had physical custody of children).

We hold that the trial court abused its discretion in conducting a hearing on Charles' motion to modify.

We sustain point of error one. Because of our disposition of this point, it is unnecessary to address Jeanne's remaining points of error.

We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

---

3. We recognize that the Fort Worth Court of Appeals has held that an appellant waived a similar contention by not objecting to the affidavit before or at trial, and the facts that should have been in the affidavit were proved at trial. *See Camp v. Camp*, 591 S.W.2d 578, 582–83 (Tex.Civ.App.—Fort Worth 1979, no writ). We decline to apply *Camp* to the facts of this case because, unlike *Camp*, the defendant in this case was served by citation by publication and did not personally appear.