In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00109-CV
______________________________


TONY MONTGOMERY, INDIVIDUALLY AND
AS EXECUTOR OF THE ESTATE OF
DONNIE M. WILSON, DECEASED, Appellants
 
V.
 
R.E.C. INTERESTS, INC., Appellee


                                              

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. 0100048


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross
Concurring Opinion by Justice Carter


O P I N I O N

          R.E.C. Interests, Inc., filed a trespass to try title suit against some thirty defendants, 
including Donnie M. Wilson, and cited them by publication. After a trial to the court,
judgment was rendered against these defendants. Tony Montgomery, as devisee under
Wilson's will and as independent coexecutor of Wilson's estate, appeals, contending the
trial court erred by failing to comply with the requirements of Tex. R. Civ. P. 244 for
defendants cited by publication and by rendering judgment in favor of R.E.C. when it failed
to make a prima facie case in trespass to try title. 
Procedural History
          R.E.C. filed its petition in trespass to try title on March 2, 2001. The defendants
were cited by publication, but made no appearance. The trial court appointed an attorney
ad litem for the defendants, who filed a general denial on their behalf. 
          On July 5, 2001, the trial court heard the case and rendered judgment in favor of
R.E.C. Nearly two years later, on June 24, 2003, Montgomery filed a motion for new trial.


 
The court denied his motion without hearing August 27, 2003. Montgomery filed a notice
of appeal September 8, 2003.
          R.E.C. contends this appeal is untimely because it was not brought within six
months of the judgment. Tex. Civ. Prac. & Rem. Code Ann. § 51.013 (Vernon 1997); see
Isaac v. Westheimer Colony Ass'n, 933 S.W.2d 588, 589 (Tex. App.—Houston [1st Dist.]
1996, writ denied). However, R.E.C. relies on the rules applicable to an appeal by writ of
error, now called a restricted appeal, and governed by Tex. R. App. P. 30. In order to bring
a restricted appeal, an appellant must not have participated in the hearing resulting in the
judgment of which he or she complains and must not have filed a timely post-judgment
motion or a timely notice of appeal. Id. R.E.C. is correct in that a restricted appeal must
be brought within six months after the judgment or order is signed. Tex. R. App. P. 26.1. 
However, we are not dealing with a restricted appeal, and Tex. R. App. P. 30 is not
implicated.
          Montgomery filed a timely, regular appeal. Because process was served by
publication and a motion for new trial was timely filed according to Tex. R. Civ. P. 329, we
calculate the appellate timetable using the date the motion for new trial was filed as the
date judgment was signed. See Tex. R. App. P. 4.4; Tex. R. Civ. P. 306a(7); 329b(d). 
Here, Montgomery filed his motion for new trial June 23, 2003. Using that date as the date
the trial court's judgment was signed, a timely notice of appeal was due September 22,
2003. See Tex. R. App. P. 26.1(a)(1). Because Montgomery filed his notice of appeal
September 8, 2003, his appeal in this case was timely perfected and is within the
jurisdiction of this Court. 
Failure to File Statement of the Evidence
          Montgomery first complains the trial court failed to cause to be filed a statement of
the evidence as required by Rule 244 of the Texas Rules of Civil Procedure. This rule
provides two safeguards when citation is by publication and no appearance has been
made:
[1] the court shall appoint an attorney to defend the suit in behalf of the
defendant, . . . [2] in every such case a statement of the evidence, approved
and signed by the judge, shall be filed with the papers of the cause as a part
of the record thereof. 

Tex. R. Civ. P. 244 (emphasis added). 
          Here, the trial court clearly complied with the first requirement by appointing
Christina Wedding as attorney ad litem to represent the interests of the defendants cited
by publication. At issue is whether the trial court complied with the second requirement
that it sign and approve a statement of the evidence to be filed as a part of the record in
this matter. R.E.C. argues that the reporter's record serves as the "statement of the
evidence." We reject R.E.C.'s argument and hold that the reporter's record filed in this
case does not satisfy Rule 244's requirement that the trial court sign and approve a
"statement of the evidence."
          No cases clearly delineate the required elements of a statement of the evidence as
contemplated by Rule 244. However, as discussed below, several cases indirectly support
the conclusion that an unsigned and unapproved court reporter's record is insufficient to
satisfy Rule 244's mandate. 
          In construction of Texas law, it is a well-established presumption that every word
has been used for a purpose. See Eddins-Walcher Butane Co. v. Calvert, 156 Tex. 587,
298 S.W.2d 93, 96 (1957). Even if we were convinced by R.E.C.'s argument that the
reporter's record represented a statement of the evidence, we note the trial court never
approved and never signed the reporter's record, an obvious deviation from the plain,
mandatory language of the rule. Wording in statutes is to be given its literal interpretation
when that wording is clearly unambiguous. Page v. Structural Wood Components, Inc.,
102 S.W.3d 720, 729 (Tex. 2003). 
          Texas courts have employed such an interpretation as illustrated by their treatment
of a signed and approved statement of the evidence as a document separate from the
court reporter's record. See Graves v. Graves, 916 S.W.2d 65, 67 (Tex. App.—Houston
[1st Dist.] 1996, no writ). In Graves, the court noted the appellant filed both a clerk's record
and a reporter's record.


 The court also specifically noted that the record also contained
a statement of evidence pursuant to Rule 244 describing the evidence introduced at the
hearing. Id.; see also Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363,
366 (1945) (discussing statement of evidence which recited proof had been introduced
establishing all allegations in plaintiff's original petition); Blackman v. Blackman, 128
S.W.2d 433, 438 (Tex. Civ. App.—Fort Worth 1939, writ dism'd judgm't cor.) (providing
brief summary of statement of the evidence adduced at trial, a summary which included
description of documentary and testimonial evidence and statement as to relevance of
some items of evidence).
          The law favors allowing a defaulted party its day in court, and traditionally, Texas
courts have required strict compliance with the rules governing citation by publication.


 
See McCarthy v. Jesperson, 527 S.W.2d 825, 826 (Tex. Civ. App.—El Paso 1975, no writ);
Jeter v. Jeter, 281 S.W. 598, 599 (Tex. Civ. App.—Dallas 1926, no writ) (applying Rule
244's predecessor, Article 2158). Here, we have compliance with but one of the
safeguards required by Rule 244. The trial court commits reversible error when it fails to
follow strict compliance with both requirements of this rule. Jeter, 281 S.W.2d at 599; see
also Albin v. Tyler Prod. Credit Ass'n, 618 S.W.2d 96, 98 (Tex. Civ. App.—Tyler 1981, no
writ); McCarthy, 527 S.W.2d at 826. Likewise, failure to file a signed and approved
statement of the evidence, alone, is a sufficient ground for reversal. See McLane v. Kirby
& Smith, 116 S.W. 118, 120 (Tex. Civ. App. 1909, no writ). 
Conclusion 
          Because the record in this case does not contain a statement of the evidence as
required by Rule 244, we sustain Montgomery's first point of error and do not reach his
second point as to the sufficiency of R.E.C.'s evidence of title. 
          We reverse the judgment and remand this case to the trial court for further
proceedings consistent with this opinion.


                                                                           Donald R. Ross
                                                                           Justice



CONCURRING OPINION

          I concur in the judgment of the court, but write separately to comment on the
mandatory requirement of a judicial "statement of the evidence" when a court reporter's
record exists.
          Byrnes v. Sampson, 74 Tex. 79, 11 S.W. 1073 (1889), was one of the first cases
to interpret the statement of evidence as a mandatory requirement. The court held that,
in suits of this character, there must be strict compliance with the essential requirements
of the statute. Id. at 1075. One of the requirements was for the court to "make out and
incorporate with the records of the case a statement of the facts proven on which the
judgment was founded." Id. Similarly, Tex. R. Civ. P. 244 requires that a "statement of the
evidence, approved and signed by the judge, shall be filed with the papers of the cause
. . . ." The court in Byrnes found the object of this requirement was "that upon a review
. . . it may be determined whether the judgment was authorized by the facts established
on the trial." Byrnes, 11 S.W. at 1075; McClain v. Kirby & Smith, 116 S.W. 118 (Tex. Civ.
App. 1909, no writ), cites the Byrnes case for the proposition that the appointment of an
attorney to defend the suit for the nonresident does not dispense with the necessity or
requirement to file a statement of evidence, and failure to do so is reversible error. 
          When the court reporter has made a full record of all the evidence, the purposes of
this requirement—to protect the defendant and to ensure the judgment is adequately
supported by competent evidence—have been fully met. The additional statement of the
evidence is of little or no real value. In this case, a complete reporter's record was made
and is presently before us. We could review that record to determine if the evidence meets
the proper legal requirements to support this judgment. To reverse this case for a lack of
a statement of evidence elevates form over substance. Only in this unique circumstance
is a court "statement of evidence" even considered as a proper record of the evidence. 
See Bertsch & Co. v. Spells, 687 S.W.2d 826 (Tex. App.—Eastland 1985, writ ref'd n.r.e.). 
          In Byrnes, the court, while announcing this mandatory rule, reviewed the "only
evidence," a deposition, and found it to be insufficient to support the judgment. The further
holding that the court's "statement of evidence" was mandatory was unnecessary. I urge
a reconsideration of this requirement, either by amendment to the rule or its interpretation. 
It is nonsensical that we must reverse a case for the stated reason that we do not a have
"statement of evidence" when every word of the evidence presented is before us. 
 
                                                                           Jack Carter
                                                                           Justice

Date Submitted:      March 4, 2004
Date Decided:         March 10, 2004