# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-09-00516-CV

---

**Selena Irene Serafin, Appellant**

**v.**

**Doyle Wayne Seale, Appellee**

---

**FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
NO. 16,323, HONORABLE JOE CARROLL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Selena Irene Serafin appeals the trial court's final order modifying the parent-child relationship of Serafin, appellee Doyle Wayne Seale, and their child, J.D.S. In a single issue, Serafin asks us to reverse and remand the trial court's order because Seale failed to attach to his petition the affidavit required by family code section 156.102. Based on our holding that Serafin waived her right to complain of Seale's defective pleadings by failing to object prior to judgment, we will affirm the trial court's order granting Seale the exclusive right to determine J.D.S.'s primary residence.

### BACKGROUND

Serafin and Seale divorced in January 2007. Under the terms of their divorce decree, Serafin and Seale were appointed joint-managing conservators and Serafin was designated as the parent with the exclusive right to determine J.D.S.'s primary residence ("primary conservator"). In

December 2007, when Seale failed to return J.D.S. to Serafin after one of his periods of possession, Serafin filed a motion with the trial court for a writ of attachment for J.D.S. and a petition to modify the parent-child relationship, seeking past and future child support, health insurance, a permanent injunction, and attorney's fees. The trial court issued the writ and set a temporary-orders hearing for December 14, 2007.

In response, Seale filed a petition to modify the parent-child relationship, asking the trial court to remove Serafin as J.D.S.'s primary conservator and designate Seale in her place. Because his petition sought to modify primary conservatorship and was filed less than one year after the trial court had rendered judgment in the divorce proceeding, Seale attached to his petition a purported affidavit stating that Serafin's actions placed J.D.S. in danger and alleging various facts to support that statement, *see* Tex. Fam. Code Ann. § 156.102 (West 2008), but the affidavit was neither signed nor notarized.

At the temporary-orders hearing on December 14, 2007, in which both parties were represented by counsel, the parties entered into agreed temporary orders to, among other things, continue as joint-managing conservators, follow certain temporary visitation arrangements, and participate in "therapy/counseling." The trial court also ordered Seale to pay $800 in attorney's fees.

Over the following year, the parties attended counseling and also attempted to settle this matter through mediation, but were unable to resolve the custody issue. As a result, after a one-day bench trial on the merits in January 2009, the trial court found that Seale's requested modification was in J.D.S.'s best interest and designated Seale as J.D.S.'s primary conservator. Serafin appeals that order.

**DISCUSSION**

In a single issue on appeal, Serafin argues that the trial court abused its discretion when it modified J.D.S.'s primary conservatorship because Seale had failed to sign the affidavit required by the family code. In response, Seale acknowledges that it was error for the trial court to set a hearing on Seale's petition for modification without the affidavit, but asserts that we should affirm the trial court's judgment regardless because (1) Serafin failed to preserve that issue for review by not bringing this pleading deficiency to the trial court's attention until after judgment was entered and (2) any error by the trial court was rendered harmless by trial testimony establishing the information required in the affidavit.

We review a trial court's conservatorship determination under an abuse of discretion standard. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

Section 156.102 of the family code requires a person who files suit seeking to modify primary conservatorship within one year of the rendition of the order establishing primary conservatorship to file an affidavit setting forth certain allegations and supporting facts. *See* Tex. Fam. Code Ann. § 156.102(a) (West 2008). If the trial court determines that the affidavit states facts adequate to support the allegations in the affidavit, the trial court must set a hearing on the modification issue. *Id*. § 156.102(c). The trial court must "deny the relief sought and refuse to schedule a hearing for modification," however, if the facts alleged in the affidavit do not support the allegations. *Id.*; *see also In re A.S.M.*, 172 S.W.3d 710, 716 (Tex. App.—Fort Worth 2005, no pet.)

3

(holding that trial court did not err when it refused to hear merits of matter and dismissed case due to absence of section 156.102 affidavit).

Here, Seale attached a purported affidavit setting forth the allegation and facts required by section 156.102, but he did not sign the affidavit or have it notarized. An "affidavit" that is not signed by the affiant or notarized is not an affidavit. *See* Tex. Gov't Code Ann. § 312.011(1) ("'Affidavit' means a statement in writing . . . signed by the party making it . . . , sworn to before an officer authorized to administer oaths, and officially certified by the officer under his seal of office."); *see also Perkins v. Crittenden*, 462 S.W.2d 565, 568 (Tex. 1970) (holding that affidavit that did not meet statutory definition was not an affidavit); *Wilie v. Signature Geophysical Servs., Inc.*, 65 S.W.3d 355, 361-62 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (holding that affidavit without notary's seal is defective and, therefore, not competent summary-judgment evidence). Accordingly, Seale failed to attach the affidavit required by section 156.102 of the family code; thus, it was error for the trial court to set a hearing on Seale's petition for modification. *See* Tex. Fam. Code Ann. § 156.102(c); *see also In re A.C.S.*, 157 S.W.3d 9, 18 (Tex. App.—Waco 2004, no pet.) (holding that it was error for trial court to allow modification hearing in absence of section 156.102 affidavit).

To preserve that error for appeal, however, Serafin had to notify the trial court of the error by making a timely request, objection, or motion that complied with the requirements of the rules of civil procedure. *See* Tex. R. App. P. 33.1(a); *A.C.S.*, 157 S.W.3d at 18 (explaining that party to modification suit must object in writing before judgment is signed to preserve error regarding adequacy of section 156.102 affidavit). The rules of civil procedure require a party in a non-jury

4

case to specifically point out, by written exceptions to the trial court, any defect or omission in a pleading before the judgment is signed, or the complaint regarding any pleading defect or omission is waived. Tex. R. Civ. P. 90; *Horne v. Harwell*, 533 S.W.2d 450, 451-52 (Tex. Civ. App.—Austin 1976,writ ref'd n.r.e.) (holding that failure to specially except that pleadings did not comply with predecessor to section 156.102 waived complaint on appeal); *see also Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009) (holding that complaint regarding failure to file verified denial was waived when both parties presented evidence on issue without objection). Serafin did not raise an issue regarding Seale's defective affidavit until her motion for new trial, which was filed after the judgment was signed. Accordingly, Serafin waived her complaint about Seale's defective affidavit.[1]

Even if Serafin had not waived her complaint regarding Seale's affidavit, however, the trial court's error—i.e., allowing a hearing on Seale's petition for modification—did not cause the rendition of an improper judgment, *see* Tex. R. App. P. 44.1(a), because testimony adduced at trial provided the evidentiary support required by section 156.102 of the family code. Specifically, Seale testified to the following matters at the modification hearing:

- Serafin exposed J.D.S. to drugs, alcohol, and "criminal surroundings";

---

[1] Serafin cites *Graves v. Graves*, 916 S.W.2d 65 (Tex. App.—Houston [1st Dist.] 1996, no writ), for the proposition that a complaint regarding the sufficiency of a section 156.102 affidavit may be raised for the first time on appeal. The *Graves* court, after noting that another court had considered similar complaints to be waived when not raised before or at trial, nevertheless decided to address the appellant's challenge to the sufficiency of the affidavit for the first time on appeal because the appellant had been "served by citation by publication and did not personally appear" at the modification hearing. *Id*. Assuming without deciding that we would be inclined to follow *Graves* if presented with similar facts—i.e., service of citation by publication and no appearance at trial—such circumstances are not present here.

- Serafin's boyfriend, who had access to J.D.S., had been convicted of assault and possession of marijuana; and

- J.D.S. was in a volatile environment.

Thus, as required by section 156.102, Seale alleged that J.D.S.'s present environment was dangerous and asserted facts to support that allegation. *See* Tex. Fam. Code Ann. § 156.102. Accordingly, any error in the trial court's decision to conduct a modification hearing in the absence of affidavit testimony by Seale was harmless. *See A.C.S.*, 157 S.W.3d at 18-19.

We overrule Serafin's single issue on appeal.

## CONCLUSION

Having overruled Serafin's single issue on appeal, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   December 2, 2010

6