**Cheryl Aline MOBLEY, Appellant,**

v.

**John Arnold MOBLEY, Appellee.**

No. 2–84–053–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 30, 1985.

Charlye O. Farris, Wichita Falls, for appellant.

Crampton, Crampton & Estrada, and Barbara C. Crampton, Wichita Falls, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

Cheryl Aline Mobley, appellant, appeals from an order dismissing her motion to modify custody for failure to state a cause of action under TEX.FAM.CODE ANN. sec. 14.08(d) and (e) (Vernon Supp.1985).

We reverse and remand.

Appellant and John Arnold Mobley, appellee, were divorced in August, 1983. Under the terms of the divorce decree, custody of the two minor children of the marriage was split. Managing conservatorship of the eight-year-old son was awarded to appellee (father). Managing conservatorship of the three-year-old daughter was awarded to appellant (mother). Appellant and appellee were each named possessory conservator of the child over whom they were not named managing conservator. A visitation schedule was established which allowed the two young siblings to see each other every weekend and a parent every other weekend and to spend the entire summer vacation together.

Four months after the divorce was granted, appellant filed on November 16, 1983, a Motion to Modify in Suit Affecting the Parent-Child Relationship, seeking a change in the managing conservatorship of the eight-year-old son. Subsequently, appellee, father, filed a Motion to Stay Proceeding under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S.Appx. sec. 521 (Law.Co-op.1981), and a Motion to Dismiss in which he asserted that the Motion to Modify should be dismissed because it does not meet the requirements of sec. 14.08(d) and (e) for filing within one year. A hearing was held on December 13, 1983, before the Honorable Arthur Tipps, a visiting judge, sitting for the 89th District Court, at which time the Motion to Stay Proceeding was denied and the Motion to Dismiss was continued. Judge Tipps stated that in order to rule on the Motion to Dismiss, the court would have to have professional advice as to whether or not taking the child out of the continental United States would be a serious and immediate question involving the child and ordered a psychiatric study of the child and other members of the family as deemed necessary by the psychiatrist.

On December 16, 1983, Judge Tipps held a second hearing on the Motion to Dismiss at which time he announced to the parties that he had been premature in ordering a psychological study explaining as follows:

"The law says that before you can change the custody of a child, within six months, within one year of the date ap-

pointing the Managing Conservator, you have to allege that the, [sic] to get the case heard before a year, you have to make affidavit that the child's present environment may endanger his physical health or significantly impair his emotional development, and she did that. It was my impression earlier this week that I had to determine whether or not those facts were true, but the further reading of the law says that you shall make this affidavit and, if the Court finds that there are adequate facts to support [the] allegation in the affidavit, then the Court will order a hearing on the merits. I thought that I had to determine whether or not it would, as a matter of fact, impair his emotional development in ruling on this temporary hearing the other day. I do not. We can't get to that point yet. We get to that point later on on a hearing on the merit. I have ruled that the affidavit was sufficient, and I should have based my ruling solely on the basis of the affidavit, . . ."

Judge Tipps ruled that the facts stated in the affidavit were sufficient to support the allegation in the Motion to Modify and set a hearing on the motion.

Subsequently, the case was transferred from the 89th District Court to the County Court at Law of Wichita County, the Honorable Jim Hogan presiding, where previous contested issues concerning the parent-child relationship had been tried. A hearing in the matter was held on January 6, 1984, at which time Judge Hogan swore in the witnesses and invoked the Rule. Appellee then presented to the court a Plea to the Jurisdiction, asserting that the trial court was without jurisdiction to proceed with the hearing because as a matter of law the affidavit was legally insufficient under section 14.08(d) and (e) to allow the court to proceed and that the court should dismiss the Motion to Modify Custody without prejudice for failure to state a cause of action under section 14.08(d) and (e) of the Texas Family Code. We note that appellee

asserted basically the same grounds as in his earlier Motion to Dismiss which was overruled by Judge Tipps. The trial court agreed and dismissed the Motion to Modify Custody for failure to state a cause of action under section 14.08(d) and (e), announcing orally that he found "the motion and the affidavit fail to meet the three-pronged test, plus the emergency situation set out under 14.08(d) and (e) of the Family Code." It is apparent that Judge Hogan based his ruling on the more stringent three-prong test of sec. 14.08(c)(1)(A–C) which is not applicable to the threshold determination required by sec. 14.08(d) and (e) before him in this case.

On appeal, appellant raises five points challenging the trial court's ruling. The issue before us is whether the affidavit states sufficient facts to entitle the movant requesting modification within one year to a hearing on the motion.

Section 14.08(d) and (e) provides in pertinent part:

(d) If the motion is filed for the purpose of changing the designation of the managing conservator and is filed within one year after the date of issuance of the order or decree to be modified, there shall be attached to the motion an affidavit executed by the person making the motion. The affidavit must contain at least one of the following allegations along with the supportive facts:

(1) that the child's present environment may endanger his physical health or significantly impair his emotional development; or . . .

(e) On the filing of a motion to which the provisions of Subsection (d) of this section apply, the court shall deny the motion and refuse to schedule a hearing unless the court determines, on the basis of the affidavit, that adequate facts to support an allegation listed in Subdivision (1) or (2) of Subsection (d) of this section are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, a

time and place for the hearing shall be set.

*Id.*

 It is obvious that the intention of the Legislature in putting section 14.08(d) in the Family Code was to assure stability to the provision for custody of divorced parents and to prevent the custody award from being relitigated within a short period of time, except in cases involving the children's physical health and emotional development. Therefore, section 14.08(e) requires that an initial determination be made by the court as to whether the facts sworn to in the affidavit supporting the motion to modify justify a hearing. *See Jilek v. Chatman*, 613 S.W.2d 558, 559 (Tex.Civ. App.—Beaumont 1981, no writ).

In order to comply with section 14.08(d) of the Code, appellant attached an affidavit to her Motion to Modify and in which she stated:

"My name is CHERYL ALINE MOBLEY, I am well acquainted with the present environment of the child JOHN ABDUL MOBLEY, and I hereby state under oath that the child's present environment may endanger his physical health or significantly impair his emotional development. Specific facts that support the above are:

The Managing Conservator of the child John Abdul Mobley has received military orders for an assignment to Panama, where he will be stationed with the Air Force for at least 3 years. If John Abdul Mobley is taken to Panama, the present visitation schedule could not be carried out. The two siblings would not be able to see each other for months or even years as I could not afford the cost of transportation for either of us to and from Panama or any place else.

John Abdul Mobley is still a very young child, only 8 years of age. He does not want to leave the area where his Mother and 3 year old sister are living and it would not be in his best interest as shown by the attached summary."

The attached summary incorporated in the affidavit a report made by Dr. L.R. Ballering, a clinical psychologist, which stated that the named subject child had "a definite fear of being removed from the area," that he expressed "strong feelings against having to leave the area," and, most significantly, that "to move him [the child] from the community, at this time, would be one too many strains and could prove too detrimental to his mental health."

To be entitled to have the motion set for a hearing in the instant case, appellant had to state adequate facts to support the allegation that the child's physical health *may* be endangered or his emotional development significantly impaired. The facts alleged had to be sufficient to show the *possibility* of harm rather than the existence of harm.

In her affidavit the appellant presented the following facts to support her allegation that the child's present environment *may* significantly impair his emotional development:

(1) Father, managing conservator, was being re-assigned to Panama under military orders for at least three years.

(2) The subject child is an eight-year-old boy.

(3) Mother and three-year-old sister reside in Wichita County, Texas.

(4) The siblings would be separated by the distance between Wichita County, Texas, and the Republic of Panama.

(5) The cost for sending the children back and forth between Wichita County and Panama to visit would be prohibitive.

(6) The eight-year-old son did not want to leave the area where his mother and sister live.

(7) An assessment by a clinical psychologist indicates to move the boy away from his mother and sister "would be one too many strains and could prove to be detrimental to his mental health."

■ Considering these facts in light of the fact that custody of the two young siblings was split between the two parents with the visitation schedule structured to maximize contact between the siblings, it is clear that the facts are sufficient to establish the possibility of harm to the son if he is taken out of the country and to entitle movant to a hearing on her Motion to Modify custody. Therefore, we hold that as a matter of law the affidavit in support of the Motion to Modify custody within one year of divorce stated adequate facts to require a hearing on the motion.

Accordingly, we reverse the judgment of the trial court and remand the cause to the trial court. Costs of appeal are assessed against appellee.