Kimberly Ann **BURKHART**, Appellant,

v.

Keith A. **BURKHART**, Appellee.

No. 01–96–01361–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 11, 1997.

Rehearing Overruled Jan. 20, 1998.

**322**

D. Channing Bradshaw, Pasadena, for Appellant.

Kyle A. Pinkerton, Deborah January–Bevers, Dickinson, for Appellee.

Before HEDGES, COHEN and WILSON, JJ.

## OPINION

HEDGES, Justice.

Appellee (hereafter "the father") filed a motion to modify in a suit affecting the parent child's relationship (hereafter "motion to modify") seeking to change the original custody order less than one year after entry of the divorce decree. At the conclusion of a bench trial, the trial court granted the father's motion and ordered that (1) appellant (hereafter "the mother") and the father be named joint managing conservators and (2) the father be named primary joint managing conservator with the right to designate the domicile and residence of the child. In five points of error, the mother contends that the findings of fact and conclusions of law are insufficient to support the modification, that there was insufficient evidence to support the modification, and that the trial court erred in not granting the mother's motion to dismiss because the father's original motion to modify did not meet the statutory requirements. We reverse and render.

The couple's final decree of divorce was signed on April 27, 1995. The divorce decree granted the mother sole managing conservatorship of the couple's only child, Joshuah—age 20 months at the time of divorce—and gave her the right to designate his domicile and place of residence. The divorce decree named the father as possessory conservator and specified his visitation rights. The decree did not restrict the domicile and place of residence of the child. In August 1995, the mother moved to Barstow, California and took Joshuah with her.

In point of error five, the mother contends that the trial court erred by not granting her motion to dismiss because the father's affidavit in support of the motion was insufficient. The mother contends that the affidavit did not contain any of the heightened allegations required by the statute when a motion to modify is filed within one year of the order to be modified.

Section 156.102 of the Family Code provides:

(a) If a suit seeking to modify sole managing conservatorship is filed not later than one year after the date of rendition of the order, the person filing the suit shall execute and attach an affidavit as provided by Subsection (b).

(b) The affidavit must contain, along with supporting facts, at least one of the following allegations:

(1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;

(2) that the sole managing conservator is the person seeking or consenting to the modification and the modification is in the best interest of the child; or

(3) that the child's sole managing conservator has voluntarily relinquished the actual care, control, and possession of the child for not less than six months and the modification is in the best interest of the child.

(c) The court shall deny the relief sought and refuse to schedule a hearing for modification under this section unless the court determines, on the basis of the affidavit, that facts adequate to support an allegation listed in Subsection (b) are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, the court shall set a time and place for the hearing.

TEX. FAM.CODE ANN. § 156.102 (Vernon 1996).

On August 21, 1995, the father filed his original motion to modify without a supporting affidavit. The mother filed a general denial and motion to dismiss on September 22, 1995, alleging that the father's motion to modify was not supported by affidavit as required by TEX. FAM.CODE ANN. § 156.102. A hearing on the motion to dismiss was scheduled for October 30, 1995. On October 11, 1995, the father amended his motion to modify and for the first time attached a supporting affidavit.

■ The mother contends that the father's affidavit fails to meet the statutory standards required before holding a hearing within a year of the of the order sought to be modified.

■ We review a trial court's decision regarding custody, control, and possession matters involving a child under an abuse of discretion standard. *Voros v. Turnage*, 856 S.W.2d 759, 761 (Tex.App.—Houston [1st Dist.] 1993, writ denied). To evaluate the sufficiency of the supporting affidavit, the trial court was required to look at the sworn facts and determine whether, if true, they justified a hearing on the motion to modify. *See Mobley v. Mobley*, 684 S.W.2d 226, 229 (Tex.App.—Fort Worth 1985, writ dism'd). A movant is entitled to a hearing on his motion to modify if he or she swears to facts adequate to support a finding that (1) the child's physical health may be endangered or his emotional development significantly impaired by the present environment, or (2) the sole managing conservator either seeks to modify sole managing conservatorship or has relinquished care, control, and possession of the child for at least six months and modification is in the child's best interest. *Id.*

■ The philosophical underpinning of section 156.102 is clear: the Legislature intended to promote stability in the conservatorship of children of divorced parents. To that end, relitigation of custodial issues within a short period of time after the custody order is discouraged through the imposition of a heightened standard of verified pleading. Public policy disfavors disruption of custodial arrangements within the first year, except in cases in which the child's physical health or emotional development is imperiled. *Mobley v. Mobley*, 684 S.W.2d 226, 229 (Tex.App.—Fort Worth 1985, writ dism'd).

In his affidavit, the father states:

I have learned that the living conditions that my child is currently living under are potentially dangerous to my child's health. All adults in the house smoke in the house, and I believe that this is hazardous to the health and well-being of my child.

I also have learned that my ex-wife has not been able to locate employment, and that she has no other means of support other than the child support, for which I am current. The information that I have received is that the District Attorney in San Bernadino county where she currently

resides takes more than fifty (50) percent of the monies that I provide for the support of my child. In fact, my wife only receives $50.00 of the $225.00 sent to her for support due to the fact that she is on welfare.

Further, upon our divorce, my ex-wife had told me that she was going to remain in the area we resided together, and she has since moved to California, in essence denying me my rightful visitation with my child, and I believe that it is important that I have significant contact with the child for his proper development.

We agree with the mother that this affidavit does not justify a modification hearing. In *Graves v. Graves,* 916 S.W.2d 65, 69 (Tex. App.—Houston [1st Dist.] 1996, no writ), this Court found a supporting affidavit insufficient under section 156.102. We held that the affidavit in question did not state any specific facts to support the movant's allegation that the child's physical health might be endangered or her emotional development impaired. Similarly, in this case, the father's factual recitations are inadequate to support his allegation that the child's current living conditions are potentially dangerous to his health. The unadorned statement that adults smoke in the house is too nebulous to justify a modification hearing. The father would have had to swear to facts that specifically pointed to endangerment of the child's health, such as frequent smoking in the presence of the child which aggravated a heightened sensitivity to respiratory distress. Insufficient, too, is the reference to the mother's lack of employment, her receipt of welfare payments, and the offset of a portion of the child support payments. The father does not state that the child is hungry, unclothed, or otherwise harmed as a result. Equally inadequate is his contention that the removal of the child to California deprives him of significant contact important to the child's proper development. The decree gave the mother the right to determine the domicile of the child. In view of the heightened standards for a modification hearing within one year of a custodial order, an affiant must state concrete facts that clearly demonstrate that extraordinary relief is appropriate. The father did not meet that standard.

■ The father argues that the mother waived any error because she failed to obtain a trial court ruling on her motion to dismiss. We disagree. It is clear that the trial court overruled the mother's motion to dismiss when, in response to her attorney's statement that "I would still like for it to be dismissed," the judge replied, "Sorry about that" and scheduled the hearing. We also disagree with the father's contention that in order to preserve error, the mother needed a written order memorializing the ruling. The case he cites in support of that proposition, *Stewart v. USA Custom Paint & Body Shop, Inc.,* 870 S.W.2d 18, 20 (Tex.1994), holds that an order *granting* a motion to dismiss must be in writing. The basis of the holding, that because an order of dismissal is a judgment, it must meet the requisites of a valid judgment, does not obtain in the instance of the *denial* of a motion to dismiss.

We sustain point of error five.

In light of our disposition of point of error five, we need not consider points of error one through four.

We reverse the trial court's judgment and render a judgment overruling the father's motion to modify and granting the mother's motion to dismiss. We reinstate all terms of the divorce decree.