COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 2-04-387-CV

IN THE INTEREST OF

A.S.M., A CHILD

------------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------
        Appellant Linda Sue M. appeals from the trial court’s orders denying and
dismissing her petition to modify the parent-child relationship and awarding
appellee attorney’s fees as sanctions because she did not file the affidavit
described in family code section 156.102. [1] In three issues, appellant contends
that the trial court should not have required her to file an affidavit or, in the
alternative, should have abated her suit rather than dismiss it, that the trial
court abused its discretion in imposing sanctions against her, and that the
evidence does not support the reasonableness and necessity of the $5,000
attorney’s fees award. We affirm.
        On October 31, 2003, the trial court entered an Agreed Order in Suit to
Modify Parent-Child Relationship between appellant and the child’s father,
appellee Gerardo M., Jr., naming appellant and appellee as joint managing
conservators of A.S.M. The order designated appellant as the parent with the
exclusive right to determine the primary residence of the child but restricted the
area in which the child could reside to Tarrant County, Texas and contiguous
counties. On December 29, 2003, appellant filed a First Amended Petition to
Modify the Parent-Child Relationship, [2] requesting that the part of the agreed
order restricting the child’s domicile to Tarrant County, Texas or contiguous
counties be removed. On January 13, 2004, appellee filed a counter-petition
to modify, in which he alleged that appellant’s petition was groundless and
brought in bad faith and for the sole purpose of harassment because it was
barred by res judicata. [3] He also filed an answer on the same date, asking the
trial court to refuse to go forward on appellant’s petition because she had not
attached the affidavit described in family code section 156.102.
        On April 7, 2004, the trial court held a preliminary hearing and entered
temporary orders sending the parties to counseling. That same day, the trial
court ruled on the parties’ joint motion to refer the case to the associate judge
for trial and set the trial for July 1, 2004. On July 1, the parties appeared for
trial, and the trial court took judicial notice of its file. The trial court found that
appellant’s case should be dismissed because she did not file the section
156.102 affidavit. Thus, the trial court did not rule on the merits of either
party’s petitions. The trial court further found that appellant’s petition was
groundless, filed in bad faith, and brought for the sole purpose of harassment. 
Accordingly, the trial court awarded appellee $5,000 in attorney’s fees as
sanctions. 
        At appellant’s request, the trial court filed findings of fact and conclusions
of law. The trial court found that 
5.[Appellant] did not execute and attach an affidavit to her
First Amended Petition as provided by Tex. Fam. Code §
156.102(b).
        . . . .
        13.   When the case was called to trial . . . [appellant] still had not filed
the affidavit required by Tex. Fam. Code § 156.102(b).
14.The uncontroverted evidence shows that due to the actions
of [appellant], [appellee] incurred reasonable and necessary
attorney’s fees in an amount in excess of $5,000.00.

        Based on these findings, the trial court concluded that
1.The Agreed Order was res judicata of the child’s best
interests as of October 31, 2003.
. . . .
3.The . . . First Amended Petition sought to modify the
designation of the person having the exclusive right to
designate the primary residence of the child the subject of
this suit.
4.[Appellant] was required to execute and attach an affidavit
to her First Amended Petition[] as provided by Tex. Fam.
Code § 156.102(b).
5.[Appellant] failed to execute and attach an affidavit to her
First Amended Petition as provided by Tex. Fam. Code §
156.102(b).
6.The Court was therefore required to deny the relief sought by
[appellant] without a hearing.
. . . .
8.The filing of [appellant’s] . . . First Amended Petition . . . less
than two months after the “Agreed Order in Suit to Modify
Parent-Child Relationship” was signed on October 31, 2003,
coupled with [appellant’s] failure to comply with Tex. Fam.
Code § 156.102(b) showed that her . . . First Amended
Petition [was] filed in bad faith, [was] groundless and [was]
brought for the sole purpose of harassment. [Appellant’s]
prosecution of her suit despite her complete failure to comply
with the provisions of Tex. Fam. Code § 156.102(b)
warranted sanctions.
9.[Appellee] is entitled to an award of reasonable and
necessary attorney’s fees in the amount of $5,000.00. 

        In her first issue, appellant challenges the trial court’s conclusion that she
was required to file a section 156.102 affidavit with her petition. We review
conclusions of law de novo. Simmons v. Kuzmich, 166 S.W.3d 342, 346 
(Tex. App.—Fort Worth 2005, no pet.); see Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998) (citing cases holding that legal questions
subject to de novo review), cert. denied, 526 U.S. 1144 (1999).
        Subsection (a) of family code section 156.102, which is entitled
“Modification of Exclusive Right to Determine Primary Residence of Child Within
One Year of Order,” provides that
[i]f a suit seeking to modify the designation of the person having
the exclusive right to designate the primary residence of a child is
filed not later than one year after the earlier of the date of the
rendition of the order or the date of the signing of a mediated or
collaborative law settlement agreement on which the order is
based, the person filing the suit shall execute and attach an
affidavit as provided by Subsection (b).

Tex. Fam. Code Ann. § 156.102(a). Subsection (b) requires that the affidavit
contain, along with supporting allegations, at least one of the following
allegations:
                (1) that the child’s present environment may endanger the
child’s physical health or significantly impair the child’s emotional
development;
(2) that the person who has the exclusive right to designate
the primary residence of the child is the person seeking or
consenting to the modification and the modification is in the best
interest of the child; or
(3) that the person who has the exclusive right to designate
the primary residence of the child has voluntarily relinquished the
primary care and possession of the child for at least six months and
the modification is in the best interest of the child.

Id. § 156.102(b). The only allegations that could be applicable to the facts of
this case are (1) and (2). A trial court must deny the relief sought and refuse
to schedule a hearing on the suit unless the court determines that the affidavit
alleges adequate facts to support one or more of the allegations set forth in
subsection (b). Id. § 156.102(c). Thus, in the absence of an affidavit, or if the
petitioner has attached an affidavit that does not meet the requirements of
section 156.102(b) and (c), the trial court should refuse to hear the merits of
the matter.
        The Dallas court of appeals has determined that the plain language of
section 156.102(a) shows that the affidavit requirement applies only to suits
“seeking to modify the designation of a person having the exclusive right to
determine the primary residence of a child.” Ellason v. Ellason, 162 S.W.3d
883, 886 (Tex. App.—Dallas 2005, no pet.) (holding that section 156.102 did
not apply to suit seeking to name parent as person with exclusive right to
determine primary residence of child because order gave both parents joint right
to determine primary residence of child); In re R.C.S., No. 05-04-00305-CV,
2005 WL 977827, at *2 (Tex. App.—Dallas Apr. 28, 2005, no pet. h.) (same,
but order did not designate anyone as person with exclusive right to determine
child’s primary residence). Appellee contends that “[t]he removal of a
geographic domicile restriction is [also] a modification of the ‘designation of the
person having the right to designate the primary residence of the child.’” Thus,
we must determine whether appellant’s suit seeking to modify or remove the
geographical restriction constitutes a “suit seeking to modify the designation of
the person having the exclusive right to designate the primary residence of a
child.” Tex. Fam. Code Ann. § 156.102(a) (emphasis added). 
        In determining whether section 156.102 applies to this situation, we may
consider, among other things, the “object sought to be attained” by the statute
and the “consequences of a particular construction” even if the wording of
section 156.102(a) is unambiguous. Tex. Gov’t Code Ann. § 311.023 (Vernon
2005); In re J.A.B., 13 S.W.3d 813, 816 (Tex. App.—Fort Worth 2000, no
pet.). [4] Construction of a statute must be consistent with its underlying
purposes and the policies it promotes. Northwestern Nat’l County Mut. Ins. Co.
v. Rodriguez, 18 S.W.3d 718, 721 (Tex. App.—San Antonio 2000, pet.
denied).
        Texas’s public policy for all suits affecting the parent-child relationship is
set forth in the family code. Lenz v. Lenz, 79 S.W.3d 10, 14 (Tex. 2002); see
Tex. Fam. Code Ann. § 153.001(a) (Vernon 2002); In re E.S.S., 131 S.W.3d
632, 640-41 (Tex. App.—Fort Worth 2004, no pet.) (relying on public policy
set forth in section 153.001(a) in determining whether agreement between
parties in involuntary parental rights termination case violated public policy). 
Section 153.001(a) provides that 
(a)The public policy of this state is to[] 
(1) assure that children will have frequent and continuing
contact with parents who have shown the ability to act in the best
interest of the child;
(2) provide a safe, stable, and nonviolent environment for the
child; and
(3) encourage parents to share in the rights and duties of
raising their child after the parents have separated or dissolved their
marriage.

Tex. Fam. Code Ann. § 153.001(a). The family code further provides that in
determining conservatorship, possession, and access issues, the primary
consideration of the court must always be the best interest of the child. Id. §
153.002. The purpose of section 156.102 in particular is to “promote stability
in the conservatorship of children by preventing the re-litigation of custodial
issues within a short period of time after the custody order is entered.” R.C.S.,
2005 WL 977827, at *2. [5] 
        The Waco court of appeals considered whether section 156.102(a)
applies to a suit seeking to impose a geographical restriction on the designation
of the parent having the exclusive right to determine the primary residence of
two children. See In re A.C.S., 157 S.W.3d 9, 17-19 (Tex. App.—Waco 2004,
no pet.). In A.C.S., an agreed divorce decree named the joint managing
conservator mother as the parent with the exclusive right to determine the
children’s primary residence with no geographical restrictions. Id. at 13. Six
months after entry of the agreed decree, the joint managing conservator father
sought to restrict the children’s residence to Brazos County or contiguous
counties. Id. The Waco court of appeals determined that “[b]ecause [father]
sought a significant geographical narrowing of the terms under which [mother]
could designate the children’s primary residence, . . . he sought a modification
of the designation” and, therefore, section 156.102 applied. Id. at 18. Thus,
the Waco court has interpreted the provision broadly, to include not only a suit
seeking to change the person with the exclusive right to determine a child’s
primary residence, but also a suit seeking to change the scope, or terms, of the
then-existing designation without changing the identity of the person.
        We believe that this interpretation of section 156.102(a) is consistent
with the underlying purposes of the statute and the public policy applicable to
suits affecting the parent-child relationship in general. See Tex. Fam. Code Ann.
§§ 153.001(a), 153.002; R.C.S., 2005 WL 977827, at *2. Thus, we hold that
a suit seeking to eliminate or modify the terms of a geographical restriction on
a person having the exclusive right to determine a child’s primary residence is
a “suit seeking to modify the designation of the person having the exclusive
right to designate the primary residence of a child” for purposes of section
156.102(a). [6]
        Here, appellant, as the person with the exclusive right to determine
A.S.M.’s primary residence, was required to file a section 156.102 affidavit 
when she filed her original and first amended petitions seeking to eliminate the
geographical restriction. See Tex. Fam. Code Ann. § 156.102(a). She did not
file an affidavit with her original or first amended petitions, nor did she attempt
to file one at any time during the trial court proceedings even though appellee
alleged in his answer that she had failed to do so. Additionally, appellant did
not introduce any evidence at the July 1 hearing that would have fulfilled the
requirements of the affidavit. See Tex. Fam. Code Ann. § 156.102(b); A.C.S.,
157 S.W.3d at 18-19 (holding that although appellant failed to file affidavit,
failure was harmless because appellant introduced evidence supporting
allegation required to be included in affidavit); see also In re J.R.D., No. 03-04-00311-CV, 2005 WL 1650857, at *2 (Tex. App.—Austin July 14, 2005, no
pet. h.) (reviewing trial court’s modification order after trial on merits under
abuse of discretion standard); Franco v. Franco, 81 S.W.3d 319, 332 (Tex.
App.—El Paso 2002, no pet.) (reviewing trial court’s order removing domicile
restriction of children after trial on merits for abuse of discretion); In re C.R.O.,
96 S.W.3d 442, 446 (Tex. App.—Amarillo 2002, pet. denied) (reviewing trial
court’s order imposing domicile restriction after trial on merits for abuse of
discretion). Thus, the trial court did not err in concluding that appellant was
required to file the affidavit required by section 156.102 and dismissing her suit
on that basis. Tex. Fam. Code Ann. § 156.102(c). We overrule appellant’s first
issue. [7]
        Appellant’s second issue challenges the propriety of the trial court’s
sanctions order on the grounds that appellee failed to prove that sanctions were
warranted under Tex. R. Civ. P. 13 and that the trial court’s interpretation of
section 156.102 was erroneous.
 
        We initially note that the trial court was authorized to tax attorney’s fees
against appellant as costs under family code section 156.005 because it found
that appellant’s suit was brought for the sole purpose of harassment. Tex. Fam.
Code Ann. § 156.005 (providing that trial court shall tax attorney’s fees as
costs if it determines that a party’s modification suit was designed to harass a
party); In re D.R. v. J.A.R., 894 S.W.2d 91, 96 (Tex. App.—Fort Worth 1995,
writ denied) (op. on reh’g) (holding under former version of section 156.005
that trial court has discretion to award attorney’s fees but if it does so, then it
must award them as costs); Stashak v. Stashak, No. 14-02-00700-CV, 2003
WL 21230406, at *3 (Tex. App.—Houston [14th Dist.] May 29, 2003, no pet.)
(mem. op.) (upholding trial court’s award of attorney’s fees under section
156.005 as sanctions for failure to file section 156.102 affidavit in custody
modification suit). But the judgment does not tax the attorney’s fees as costs;
instead, it is clear from the judgment and the trial court’s findings of fact and
conclusions of law that it awarded the attorney’s fees as sanctions under rule
13. Tex. R. Civ. P. 13. Although appellee’s petition asked for reasonable
attorney’s fees to be taxed as costs, it also specifically requested sanctions
under rule 13 on the grounds that appellant’s petition was groundless and
brought in bad faith and for the sole purpose of harassment. The trial court’s
conclusions of law refer to the attorney’s fees award as a sanction rather than
a cost and specifically concludes that appellant’s petition was groundless and
brought in bad faith and for the sole purpose of harassment. Thus, we will
review whether the trial court’s sanctions award was proper under rule 13.
        We review a trial court’s determination to impose sanctions under an
abuse of discretion standard. GTE Commc’ns Sys. Corp. v. Tanner, 856
S.W.2d 725, 730-32 (Tex. 1993) (orig. proceeding); Ball v. Rao, 48 S.W.3d
332, 338 (Tex. App.—Fort Worth 2001, pet. denied). To determine whether
the trial court abused its discretion, we examine whether it acted without
reference to any guiding rules or principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986); Ball, 48 S.W.3d at 338. We should only overturn a trial court’s
conclusion if it is based on an erroneous view of the law or a clearly erroneous
assessment of the evidence. Ball, 48 S.W.3d at 338; Stites v. Gillum, 872
S.W.2d 786, 788 (Tex. App.—Fort Worth 1994, writ denied). There is no
abuse of discretion if some evidence of substantive and probative character
supports the trial court’s decision or if the evidence is conflicting. Prevost v.
Ins. Advisors of Tex., Inc., 46 S.W.3d 289, 292 (Tex. App.—Fort Worth 2001,
pet. denied). 
        Rule 13 provides that a party may seek sanctions against a party or
counsel or both if the court determines that any pleading or motion is
groundless and brought either in bad faith or for the purpose of harassment. 
Tex. R. Civ. P. 13. A pleading is groundless if it has ”no basis in law or fact and
[is] not warranted by good faith argument for the extension, modification, or
reversal of existing law.” Id. Courts are to presume that pleadings and motions
are filed in good faith, and sanctions should not be imposed except for “good
cause, the particulars of which must be stated in the sanction order.” Id.; Ball,
48 S.W.3d at 338.
        Here the record shows that appellant filed suit barely a month after the
trial court entered an agreed order containing the restriction she complained of. 
Appellant offered no evidence whatsoever to support the statement in her
petition that changed circumstances warranted the elimination of the restriction
and that the elimination of the restriction would be in the best interest of the
child. In fact, appellant continued to argue that the affidavit was not necessary
even after appellee filed his answer raising the issue. Furthermore, appellee
testified that appellant had in the past failed to abide by a previous agreed order
that required appellant to return A.S.M. to Tarrant County after moving to
Illinois. [8] The trial court’s findings of fact and conclusions of law clearly state
that appellant’s failure to file the affidavit even after having such failure called
to her attention warranted the sanctions award. Based on the foregoing, we
hold that the trial court did not abuse its discretion in awarding sanctions under
rule 13. Tex. R. Civ. P. 13; see Stashak, 2003 WL 21230406, at *1, 3. We
overrule appellant’s second issue.
        In her third issue, appellant contends that there is no evidence to support
the trial court’s award of $5,000 in attorney’s fees because there is no expert
testimony that the fees appellee testified he incurred were reasonable and
necessary. But proof of the necessity or reasonableness of attorney’s fees is
not required when the fees are assessed as sanctions. [9] JHC Ventures, L.P. v.
Fast Trucking, Inc., 94 S.W.3d 762, 778 (Tex. App.—San Antonio 2002, no
pet.); Stites, 872 S.W.2d at 797. Instead, the amount of attorney’s fees
awarded as sanctions is within the sound discretion of the trial court. JHC
Ventures, 94 S.W.3d at 778. Here, appellee testified that he had incurred over
$5,000 in attorney’s fees in defending against appellant’s suit. Thus, we
conclude that the evidence supports the attorney’s fees award. See id. We
overrule appellant’s third issue.
 
        Having overruled appellant’s issues, we affirm the trial court’s judgment.
 
 
                                                                  TERRIE LIVINGSTON
                                                                  JUSTICE
 
PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: August 18, 2005
 
NOTES
1. Tex. Fam. Code Ann. § 156.102 (Vernon Supp. 2004-05). This section
requires that a person seeking modification of the designation of the person
with the exclusive right to determine the primary residence of a child file an
affidavit alleging, along with supporting facts, at least one of the following: 
                (1) that the child’s present environment may endanger the
child’s physical health or significantly impair the child’s emotional
development;
(2) that the person who has the exclusive right to designate
the primary residence of the child is the person seeking or
consenting to the modification and the modification is in the best
interest of the child; or
(3) that the person who has the exclusive right to designate
the primary residence of the child has voluntarily relinquished the
primary care and possession of the child for at least six months and
the modification is in the best interest of the child,
if the suit is filed within one year after the earlier of the date of the rendition of
the order [in which the designation is made] or the date of the signing of a
mediated or collaborative law settlement agreement on which the order is
based.
 
Id. § 156.102(a), (b).
2. Although a copy of appellant’s original petition is not in the record, the trial
court’s findings of fact state that it was filed December 2, 2003. 
3. Appellee conditioned his request for modification of the decree on the trial
court’s granting appellant’s requested relief. In other words, if the trial court
agreed that appellant’s petition should be dismissed because she did not attach
the section 156.102 affidavit, then appellee did not wish for the decree to be
modified in any way.
4. The Code Construction Act is applicable to the family code. See Tex. Gov’t
Code Ann. § 311.002; Vasquez v. State, 739 S.W.2d 37, 43 (Tex. Crim. App.
1987); In re A.M., 101 S.W.3d 480, 484 (Tex. App.—Corpus Christi 2002,
pet. filed).
5. See also Burkhart v. Burkhart, 960 S.W.2d 321, 323 (Tex. App.—Houston
[1st Dist.] 1997, pet. denied) (construing former version of section 156.102,
which applied to suits seeking to modify sole managing conservatorship, and
explaining that Texas public policy regarding the modification of custody
arrangements “disfavors disruption of custodial arrangements within the first
year, except in cases in which the child’s physical health or emotional
development is imperiled”); Mobley v. Mobley, 684 S.W.2d 226, 229 (Tex.
App.—Fort Worth 1985, writ dism’d).
6. Appellant attempts to draw a distinction between a suit seeking to eliminate
a restriction and a suit seeking to impose a restriction, but we do not believe
there to be any meaningful distinction between the two. Granting relief in
either situation has the potential to disrupt the status quo of the child’s living
arrangements, a result that Texas public policy attempts to avoid except in
cases in which the child’s physical or emotional health is in danger. See Tex.
Fam. Code Ann. § 153.001; R.C.S., 2005 WL 977827, at *2; Burkhart, 960
S.W.2d at 323; Mobley, 684 S.W.2d at 229. 
7. Appellant’s statement of her first issue includes the contention that the trial
court should have abated rather than denied and dismissed her suit, but
appellant did not brief this issue; therefore, it is waived. See Shelton v.
Sargent, 144 S.W.3d 113, 119 (Tex. App.—Fort Worth 2004, pets. denied)
(waiving point on appeal for failure to cite authority). 
8. Instead of holding appellant in contempt, the trial court clarified the prior
agreed order. 
9. Although the trial court’s findings of fact and conclusions of law reference
“reasonable and necessary” attorney’s fees, it is clear that the award of
attorney’s fees constitutes sanctions for appellant’s actions.