# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00025-CV

**Gina Cole Wiegman, Appellant**

**v.**

**Michael Wiegman, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 02-0855, HONORABLE RONALD G. CARR, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Gina Cole Wiegman appeals from the district court's dismissal of her petition to modify the parent-child relationship. She challenges the court's denial of her request to modify the designation of the person who has the exclusive right to determine the child's primary residence and the court's refusal to confer with the five-year-old child regarding the child's preferences as to custody. We affirm the judgment.

Ms. Wiegman and Michael Wiegman are parents of a child, C.W. An order in a suit affecting the parent-child relationship was rendered on September 7, 2004. Although neither the September 2004 order nor any other previous orders appear in the record of this appeal, statements by the parties indicate that this was not the first such order concerning C.W. Statements by the parties indicate that a previous order permitted Ms. Wiegman to determine C.W.'s primary residence, and that they lived in Kansas. The September 2004 order apparently ordered joint

managing conservatorship, with Mr. Wiegman having the right to determine the child's domicile, possession of the child alternating between the parents, and some specified telephone visitation for Ms. Wiegman during the periods C.W. stayed with Mr. Wiegman and his wife, Betsy. At the time of the proceedings in this cause, the parties lived in San Marcos, Texas.

Ms. Wiegman filed this petition on November 16, 2004 requesting modifications to the decree including that she be given the right to designate the primary residence of the child. She attached to her petition an affidavit detailing incidents she believed showed that the child's physical health and emotional well-being were endangered by his environment. On December 7, 2004, she filed a request that the court confer with the child. At a non-evidentiary hearing that same day, the court denied both Ms. Wiegman's request that the court interview C.W. and her motion to modify conservatorship.[1] Ms. Wiegman challenges both denials.

We review both decisions for an abuse of discretion. *See Burkhart v. Burkhart*, 960 S.W.2d 321, 323 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (motion to modify); *In re Marriage of Stockett*, 570 S.W.2d 151, 153 (Tex. Civ. App.—Amarillo 1978, no writ) (interview of child). This standard is consistent with the general rule that a trial court's custody determination will not be disturbed absent clear abuse of discretion because of the court's superior opportunity to evaluate the child's needs and to observe and evaluate the personalities of contending claimants. *See Cooper v. Texas Dep't of Human Res.*, 691 S.W.2d 807, 814 (Tex. App.—Austin 1985, writ ref'd n.r.e.); *see also Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its

---

[1] Although Judge Robison orally denied the motions at the hearing, Judge Ronald Carr later signed the order memorializing the denial of Ms. Wiegman's motions in July 2005.

discretion by acting unreasonably, arbitrarily, or without regard for any guiding rules or principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A corollary principle is that we may not reverse for abuse of discretion merely because we disagree with a decision of the trial court, if that decision was within the trial court's discretionary authority. *Downer*, 701 S.W.2d at 242.

By her second issue, Ms. Wiegman complains about the court's refusal to interview C.W. A court may, but is not required to, interview a five-year-old child to determine the child's preference for conservatorship under the statute that provides as follows:

(a) In a nonjury trial the court may interview the child in chambers to determine the child's wishes as to conservatorship.

(b) When the issue of managing conservatorship is contested, on the application of a party, the court shall interview a child 12 years of age or older and may interview a child under 12 years of age.

*See* Tex. Fam. Code Ann. § 153.009 (West Supp. 2005). In *Stockett*, the trial court refused to interview a five-year-old child because it did not want that child to think, consciously or subconsciously, that she contributed to the decision of which parent was appointed her managing conservator. 570 S.W.2d at 153. The appellate court held that, under those circumstances, the trial court did not abuse its discretion. *Id*.

We find no abuse of discretion in the district court's refusal to interview C.W. The statute permits the court to interview children younger than twelve years old but does not require it and places no conditions on the court's refusal to exercise that option. Tex. Fam. Code Ann. § 153.009. The court did not explain its reasons beyond stating in open court that the court would

3

not talk to a five-year-old child about where he wanted to live.  The court stated that the child would need to be at least ten years old before the court would discuss the issue with the child.  The court in this cause may have had the same concerns about lasting emotional trauma from the interview expressed by the court in *Stockett*, 570 S.W.3d at 153, or it may have had entirely different concerns.  The record does not demonstrate that the trial court acted unreasonably, arbitrarily, or without regard for guiding rules or principles by declining to interview C.W. in chambers.  We find that the trial court did not abuse its discretion in declining to interview C.W.

By her first issue, Ms. Wiegman contends that the court erred by denying her request to change the designation of the person having the exclusive right to determine the primary residence of the child.  When establishing the means to modify custody orders, the legislature established a system that attempts to create stability in the conservatorship of children.  *Burkhart*, 960 S.W.2d at 323.  A person who seeks to change the designation of the person who has the exclusive right to determine the child's primary residence within a year after such a designation was ordered faces a heightened burden.  *Id*.  In such a circumstance, the petitioner must file an affidavit that supports a finding of the existence of one of three conditions including, as alleged in this case, that "the child's present environment may endanger the child's physical health or significantly impair the child's emotional development."  *See* Tex. Fam. Code Ann. § 156.102(b)(1) (West Supp. 2005).  If the court determines, based on the affidavit, that the facts stated are adequate to support such an allegation, the court shall set a time and place for the hearing.  *Id*. § 156.102(c).  Otherwise, the trial court "shall deny the relief sought and refuse to schedule a hearing for modification . . . ."  *Id*.

4

In her affidavit, Ms. Wiegman recounts several incidents that she contends support her claim to modify conservatorship. Some predate the August 2004 hearing and the resulting September 2004 conservatorship order that Ms. Wiegman seeks to modify. The allegations include rudeness by Mr. Wiegman in front of C.W., C.W. being allowed to play on a trampoline during a storm, Mr. Wiegman failing to confer with Ms. Wiegman on matters pertaining to school and tee-ball, complaints regarding C.W.'s hygiene while staying with Mr. Wiegman, and Mr. Wiegman failing to agree on issues of rescheduling possession and transfer of possession.

In order to reverse the district court's decision, we would have to conclude that the court acted arbitrarily, unreasonably, and without reference to guiding rules and principles in refusing to schedule a hearing and dismissing the petition. *See Burkhart*, 960 S.W.2d at 323; *see also Downer*, 701 S.W.2d at 241-42. While the incidents described suggest a problematic relationship between C.W.'s parents, we cannot conclude that the court abused its discretion by implicitly determining[2] that the affidavit does not describe an environment that endangers the child's physical health or significantly impairs the child's emotional development. *See* Tex. Fam. Code Ann. § 156.102(b)(1).

---

[2] Ms. Wiegman asserts that the district court did not consider her affidavit. She refers to a section of the reporter's record in which the court stated, "I'm trying to find the motion that you're here on today. I don't see one here so far. It has to be in the file." This contains no representation about any review the court might have undertaken in the three weeks after the filing of the motion and affidavit and before the hearing. We cannot assume that the district court did not read the affidavit. We must instead presume that the court made all necessary findings and conclusions to support its decision. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). This includes review of necessary documents.

We affirm the district court's dismissal of Ms. Wiegman's petition.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   February 10, 2006