

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00131-CV

**IN THE INTEREST OF N.A.D.**, a Child

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 10-11-0822-CVA
Honorable Thomas F. Lee, Judge Presiding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  February 13, 2013

AFFIRMED

This is an appeal from the trial court's order dismissing a petition filed by Andres[2] and Terry (hereinafter collectively, the "appellants") in which appellants sought to modify the managing conservatorship of their grandchild, N.A.D.  We affirm.

### BACKGROUND

N.A.D. was born to Marissa and Nicholas on August 26, 2009.  On November 4, 2010, the Texas Department of Family and Protective Services ("the Department") filed a petition seeking termination of Marissa's and Nicholas's parental rights.  The parents later signed affidavits of relinquishment and, on September 22, 2011, the trial court orally rendered judgment

---

[1] Sitting by assignment.

[2] For the protection of the identity of the minor child, all adults will be referred to as either appellant(s) or by their first name only.  *See* TEX. R. APP. P. 9.8(b).

terminating their parental rights and naming the Department as managing conservator of N.A.D.[3] Also on September 22, appellants, who were not parties to the termination proceedings, filed a petition seeking to modify the trial court's oral rendition of conservatorship to the Department and asking that they be appointed managing conservator and as "the person who has the right to designate the primary residency of the child as managing conservatorship and all rights and duties normally afforded a parent of the child." The Department moved to dismiss the petition on the procedural ground that appellants had not attached the affidavit required by Texas Family Code section 156.102(a). The trial court granted the motion to dismiss without prejudice. This appeal ensued.

## DISCUSSION

Family Code section 156.102(a) provides as follows: "If a suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child is filed not later than one year after the earlier of the date of the rendition of the order . . ., the person filing the suit shall execute and attach an affidavit as provided by Subsection (b)." TEX. FAM. CODE ANN. § 156.102(a) (West Supp. 2012). The affidavit must contain, along with supporting facts, at least one of the following allegations:

> (1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;
> (2) that the person who has the exclusive right to designate the primary residence of the child is the person seeking or consenting to the modification and the modification is in the best interest of the child; or
> (3) that the person who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child for at least six months and the modification is in the best interest of the child.

*Id.* § 156.102(b).

---

[3] The termination order was signed on October 11, 2011.

There is no dispute that appellants did not file an affidavit. Appellants contend that because they have standing under Family Code section 102.006(c), no other requirements, including the filing of an affidavit, need be satisfied. Section 102.006, entitled "Limitations on Standing," limits the standing of particular individuals when the parent-child relationship has been terminated; it does not confer standing. *See id.* § 102.006(a) ("Except as provided by Subsections (b) and (c), if the parent-child relationship between the child and every living parent of the child has been terminated, an original suit may not be filed by . . . ."); *see also In re A.M.*, 312 S.W.3d 76, 81 (Tex. App.—San Antonio 2010, pet. denied) (explaining that section 102.005 details standing requirements for person filing petition for adoption and that section 102.006 "limits the standing of particular individuals in cases where an original suit is filed and the parents' rights were previously terminated"). An exception to the subsection (a) limitations on standing is contained in subsection (c) of section 102.006. This exception applies narrowly in those circumstances where the parent-child relationship is terminated in a suit filed by the Department. TEX. FAM. CODE § 102.006(c). Under subsection (c) the limitations on filing suit "do not apply to . . . a grandparent of the child . . . if the . . . grandparent . . . files . . . a suit for modification requesting managing conservatorship of the child not later than the 90th day after the date the parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family and Protective Services requesting the termination of the parent-child relationship." *Id.* § 102.006(c). Thus, when the Department seeks and obtains termination of the parent-child relationship, subsection (c) allows grandparents with standing to file their suit for modification within ninety days.

However, the question of whether appellants have standing to bring their petition is separate from the question of whether they must comply with the procedural requirement of filing an affidavit in compliance with section 156.102. *See In re B.G.D.*, 351 S.W.3d 131, 140

(Tex. App.—Fort Worth 2011, no pet.) (holding that although a successful access suit might require grandparent to satisfy section 153.433, whether grandparent ultimately will succeed is a different question than whether grandparent has the right simply to bring suit); *see also In re C.M.C.*, 192 S.W.3d 866, 869–70 (Tex. App.—Texarkana 2006, no pet.) (holding decision concerning whether a party has standing is not a decision deciding the merits of a case); *In re SSJ–J*, 153 S.W.3d 132, 138 (Tex. App.—San Antonio 2004, no pet.) ("[S]tanding does not mean the right to win; it is only a right to be heard."). Thus, even if appellants have standing, the question remains whether they are excused from filing an affidavit in accordance with section 156.102.

Appellants assert they were not required to file an affidavit because they are not N.A.D.'s parents, they were not parties to the termination suit, and the provisions of section 156.102 apply only to divorcing parents and not to children in the Department's care. Appellants rely on three cases for their argument that the Legislature's intent in enacting section 156.102 "was to assure stability to the provision for custody *of divorced parents* and to prevent the custody award from being relitigated within a short period of time, except in cases involving the children's physical health and emotional development." *Mobley v. Mobley*, 684 S.W.2d 226, 229 (Tex. App.—Fort Worth 1985, writ dism'd) (emphasis added); *see also Burkhart v. Burkhart*, 960 S.W.2d 321, 323 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) ("The philosophical underpinning of section 156.102 is clear: the Legislature intended to promote stability in the conservatorship of children of divorced parents."); *In re C.S.*, 264 S.W.3d 864, 873 (Tex. App.—Waco 2008, no pet.) (citing to *Burkhart*).

However, *Mobley* and *Burkhart* involved divorcing parents seeking a modification; thus, we must read their specific holdings in that factual context. We do not agree these cases hold that section 156.102 applies *only* to divorced parents or only to parties to the suit. Instead, we

believe these cases stand for the more general proposition that the Legislature's intent in enacting section 156.102 was to discourage relitigation of custodial issues within a short period of time after the custody order "through the imposition of a heightened standard of verified pleading." *Burkhart*, 960 S.W.2d at 323. "Public policy disfavors disruption of custodial arrangements within the first year, except in cases in which the child's physical health or emotional development is imperiled." *Id.* To that end, section 156.102 requires that "the person filing the suit *shall* execute and attach an affidavit," *see* TEX. FAM. CODE § 156.102(a), and that "an initial determination be made by the court as to whether the facts sworn to in the affidavit supporting the motion to modify justify a hearing." *Mobley*, 684 S.W.2d at 229. We believe the Legislature did not intend to limit section 156.102's applicability solely to divorced parents or persons who were parties to an underlying termination suit. And, we decline to read into section 156.102 an exception the Legislature did not express. *See Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011) (interpreting Family Code section 154.066).

Appellants next argue that section 156.102 does not include the Department within the scope of the word "person." Appellants point to the language of section 156.102(a), which provides that in a suit seeking to modify the designation "of *the person* having the exclusive right to designate the primary residence of a child," for their argument that section 156.102 does not apply to them because the Department is not a "person." TEX. FAM. CODE § 156.102(a) (emphasis added).

Although the Legislature has defined "person" in other Codes, nowhere in the Family Code has the Legislature defined "person," much less defined this word to include the Department.[4] However, the cardinal rule of statutory construction is to ascertain and give effect

---

[4] Section 156.102 also does not define "Department"; however, another section defines "Department" as "the Department of Family and Protective Services." TEX. FAM. CODE ANN. § 263.001(a)(1) (West Supp. 2012). In

to the Legislature's intent. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). When determining that intent, the Texas Code Construction Act guides our analysis. *Klein v. Hernandez*, 315 S.W.3d 1, 6 (Tex. 2010). The Act provides that "unless the statute or context in which the word or phrase is used requires a different definition" the following definition of "person" applies to include a "corporation, organization, *government or governmental subdivision or agency*, business trust, estate, trust, partnership, association, and any other legal entity." TEX. GOV'T CODE ANN. § 311.005(2) (West 2005) (emphasis added). We do not believe the Family Code requires a different definition; therefore, we conclude section 156.102's use of the word "person" includes the Department.

## CONCLUSION

Based on the above, we are constrained to conclude that the procedural requirement of section 156.102 applies to those persons, including appellants, who file suit to modify the Department's conservatorship of a child. Accordingly, we hold the trial court did not err in dismissing appellants' petition to modify the parent-child relationship without prejudice; therefore, we affirm the order of dismissal.

Sandee Bryan Marion, Justice

---

other Codes, the Legislature has defined "person" to include various entities. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 (West 2008) (defining "person" to include "an individual, partnership, joint-stock company, unincorporated association or society, or municipal or other corporation of any character"); TEX. GOV'T CODE ANN. § 311.005(2) (West 2005) (defining "person" to include a "corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity"); TEX. PROB. CODE ANN. § 601(21) (West 2003) (defining "person" to include "natural persons, corporations, and guardianship programs").