

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00060-CV

_____

IN THE INTEREST OF A. L. W., A CHILD

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 05-0110

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

## I.   Factual and Procedural History

After a conservatorship of a child has been established, it cannot be attacked in less than one year unless the movant states under oath that the child is endangered, or under other facts not relevant here.  TEX. FAM. CODE ANN. § 156.102 (West Supp. 2011).  Here, the governing conservatorship order was entered in November 2010, and on March 1, 2011, Anthony North filed a petition to modify that order.  An ex parte temporary restraining order was issued which enjoined the child's mother, Ashley Weaver Napier, from, among other things, removing the child from North's possession until a hearing could be held.  A hearing was held on April 18, and the trial court entered temporary orders.  A few weeks later, the trial court granted Napier's motion to dismiss North's petition, finding that the attached affidavit failed to contain sufficient sworn allegations.

On appeal, North argues that the trial court erred by granting Napier's motion to dismiss his petition to modify because:  (1) the allegations of North's affidavit were sufficient; and (2) "a temporary hearing had already been conducted and temporary orders had been entered by the trial court."

We reverse and remand the case to the trial court because the April hearing was an implicit finding that the allegations in North's affidavit were sufficient.

## II.    Implicit Finding

Three days prior to the April hearing, Napier filed a motion to dismiss North's petition on the grounds that the allegations in the affidavit attached to the petition were insufficient. The April hearing resulted in new temporary orders. A few weeks later, on May 5, 2011, the trial court held a hearing on the motion to dismiss, and after hearing the arguments of the parties and taking the matter under advisement, dismissed North's petition because, the court found, the affidavit failed to allege that "[t]he child's present environment may endanger the child's physical health or significantly impair the child's emotional development."

Section 156.102 of the Texas Family Code provides, in relevant part:

> (a)    If a suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child is filed not later than one year after the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based, the person filing the suit shall execute and attach an affidavit as provided by Subsection (b).

> (b)    The affidavit must contain, along with supporting facts, at least one of the following allegations:

>> (1)    that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;

>> (2)    that the person who has the exclusive right to designate the primary residence of the child is the person seeking or consenting to the modification and the modification is in the best interest of the child; or

>> (3)    that the person who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care

3

and possession of the child for at least six months and the modification is in the best interest of the child.

(c) The court shall deny the relief sought and refuse to schedule a hearing for modification under this section unless the court determines, on the basis of the affidavit, that facts adequate to support an allegation listed in Subsection (b) are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, the court shall set a time and place for the hearing.

TEX. FAM. CODE ANN. § 156.102.[1]

We review a trial court's decision regarding custody, control, and possession matters involving a child under an abuse of discretion standard. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Voros v. Turnage*, 856 S.W.2d 759, 760–61 (Tex. App.—Houston [1st Dist.] 1993, writ denied). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *Holtzman v. Holtzman*, 993 S.W.2d 729, 734 (Tex. App.—Texarkana 1999, pet. denied).

To evaluate the sufficiency of the supporting affidavit, the trial court was required to look at the sworn facts and determine whether, if true, they justified a hearing on the petition to modify. *See Mobley v. Mobley*, 684 S.W.2d 226, 229 (Tex. App.—Fort Worth 1985, writ dism'd). A petitioner is entitled to a hearing on his or her motion to modify if he or she swears to facts adequate to support a finding that (1) the child's physical health may be endangered or his or her

---

[1]Here, it is undisputed that Section 156.102 applies because North's petition was filed less than a year after the November 1, 2010, custody orders, and the petition seeks to modify the party to designate the child's primary residence and the terms of conservatorship and possession.

4

emotional development significantly impaired by the present environment, or (2) the sole managing conservator either seeks to modify sole managing conservatorship or has relinquished care, control, and possession of the child for at least six months and modification is in the child's best interest. *Id*.

If the affidavit is not filed or is insufficient, Section 156.102(c) requires the trial court to deny the motion to modify and refuse to schedule a hearing on its merits. TEX. FAM. CODE ANN. § 156.102(c). However, the trial court does not have to make a specific finding on the record that the affidavit was sufficient to warrant a hearing; the fact that the court set the hearing was, itself, proof that it regarded a filed affidavit as adequate. *In re J.K.B.*, 750 S.W.2d 367 (Tex. App.—Beaumont 1988, no writ) (ruling under previous statute); *In re S.A.E.*, No. 06-08-00139-CV, 2009 WL 2060087 (Tex. App.—Texarkana July 17, 2009, no pet.) (mem. op.). Even if a court erroneously holds a hearing despite the absence of an affidavit, any error is rendered harmless if the testimony admitted during the hearing would support an allegation that the children's environment may significantly impair their emotional development. *In re A.C.S.*, 157 S.W.3d 9, 18–19 (Tex. App.—Waco 2004, no pet.).

In his affidavit, North stated, in relevant part,

> On or about February 17, 2011, Ashley Napier voluntarily placed our child with me, due to the police being called out to her residence with Robert Napier because of domestic violence and that Ashley threatened to kill herself and her daughter.
>
> . . . .

5

Ashley signed a safety plan stating that she would leave [the child] with me until March 22, 2011.

. . . .

I am afraid that if Ashley gets [the child] back, he will be in danger of being hurt by Ashley.

The parties dispute the sufficiency of these allegations, and in addition, North contends that the April hearing rendered Napier's motion to dismiss moot because testimony was heard regarding the same allegations contained in the affidavit.

At the outset of the April hearing, the following discussion took place between the trial court and Napier's attorney, Michael L. Bernoudy, Jr.:

> THE COURT: Okay. I can tell you right now the only thing I am going to hear this afternoon will be the issue on the Motion to Modify. Then I will entertain the Motion to Contempt.[2]
>
> MR. BERNOUDY: When you say the "issue", I thought the last time you were going to take up the temporary restraining orders as well.
>
> THE COURT: Yes. What I am saying is, the contempt matter, I am not going to address this afternoon.

Napier failed to raise the issue of the motion to dismiss that she had filed three days prior to the hearing.

---

[2]Napier had previously filed a motion for contempt against North. The motion for contempt is not at issue in this appeal.

During the April hearing, Cassity Caviler with Child Protective Services (CPS), testified that in February 2011, Ashley reported that her husband,[3] Robert Napier, had abused her and that Robert had "made a call[4] stating that Ashley had made threats . . . [t]o harm herself and the children." She also testified that CPS had investigated[5] the February incident and that if the allegations were true, she would recommend that the children go back due to serious concerns about domestic violence and Napier's drug history. Jeannie Weaver, Napier's mother, testified that after the February incident, she saw the bruises that Napier accused Robert of causing. The bruises were "on her back . . . both knees, up and down her legs, . . . and I don't remember if she had any on her arms or not."

During questioning, the trial court characterized the hearing as "a real custody fight." After five witnesses had testified and the trial court intended to recess the proceedings, the court said, "I don't [want] to take the hearing back up until the [medical] records[6] are turned over," "[t]his is an ideal point to break . . . . ," and the court told the parties to "[s]et this matter for another hearing once those [medical] records are in."

By setting and conducting the hearing, the trial court implicitly found the facts in the affidavit were adequate to support the allegation; otherwise, the trial court was required to deny the

[3]The record indicates that at the time of the hearing, a divorce was pending between Ashley and Robert Napier.

[4]The call was presumably made to CPS.

[5]The record does not indicate that the investigation was completed or whether it had reached any conclusion or recommendation.

[6]Napier had recently been injured in a car accident.

7

hearing.  Napier's failure to bring her motion to dismiss to the court's attention effectively waived the motion.  Accordingly, we reverse the trial court's order dismissing North's petition and remand the case for further proceedings.


Jack Carter
Justice

Date Submitted:     November 28, 2011
Date Decided:       December 9, 2011