JACK CARTER, Justice,
concurring.
The trial court shall refuse to schedule a hearing for modification of an action filed within one year of the prior order unless it determines, on the basis of an affidavit, that specific facts required by the statute exist. Tex. Fam.Code Ann. § 156.102(c) (West Supp. 2011). Scheduling such a hearing is an implicit finding by the trial court that adequate facts are shown which make the hearing necessary even though it is within one year from the previous order. In re A.L.W., No. 356 S.W.3d 564 (Tex.App.-Texarkana 2011, no pet. h.). A different set of rules apply to hearings on original proceedings; ex parte temporary orders to exclude a parent from possession or access to the child may only be granted when it clearly appears from specific facts shown in the affidavit or sworn pleading that immediate and irreparable injury, loss, or damage will result before notice can be served. Tex. Fam.Code Ann. § 105.001(b), (c)(3) (West 2008); Tex.R. Civ. P. 680.
Here, the grandmother filed another suit affecting the parent-child relationship after the conservatorship had very recently been agreed upon by the child’s parents and approved by the trial court. In filing this new suit and seeking a temporary order, the grandmother alleged, inaccurately, that no conservatorship order controlled. From reading the grandmother’s petition, it appeared that this was a new action having no relationship to the previous conservatorship proceeding. The trial court set a hearing on the grandmother’s original petition without reference to the previous conservatorship order. So in this instance, even though the trial court scheduled a temporary hearing, it cannot be said that by doing so, it implicitly found the facts were sufficient to allow an attack, within one year, of the previous conserva-torship order.
I concur in the judgment.