**Opinion issued June 27, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-12-00668-CV**

————————————

**MARJORIE CHAMPENOY, Appellant**

**V.**

**AARON CHAMPENOY, Appellee**

**On Appeal from the 257th District**
**Harris County, Texas**
**Trial Court Case No. 2010-19801**

**MEMORANDUM OPINION**

Appellant, Marjorie Champenoy, challenges the trial court's order

modifying a divorce decree to appoint appellee, Aaron Champenoy, sole managing

conservator of their child.[1] In four issues, Marjorie contends that the trial court erred in (1) not determining the adequacy of facts in support of Aaron's Petition to Modify; (2) granting a change of custody when Aaron failed to show a change in circumstances; (3) not making findings of fact and conclusions of law to support its award of child support of $542 per month; and (4) denying her motion for a new trial.

We affirm.

## Background

Marjorie and Aaron Champenoy married in 2004, had one child, and divorced in 2010. The divorce decree appointed Marjorie and Aaron joint managing conservators of the child and gave Marjorie the exclusive right to establish the child's primary residence. Soon after Marjorie and the child moved to Nevada in January 2011, Aaron filed a petition to modify the parent-child relationship, alleging a material and substantial change of circumstances and the child's "present circumstances may significantly impair [her] physical health or emotional development.[2] Aaron sought to be appointed sole managing conservator of the child.

---

[1] A motion to modify the parent-child relationship is a suit affecting the parent-child relationship ("SAPCR"). *See* TEX. FAM. CODE ANN. § 101.032(a) (Vernon 2008).

[2] *See* TEX. FAM. CODE ANN. § 156.102 (Vernon Supp. 2012).

After a hearing, the trial court granted a temporary modification of the divorce decree. It ordered that Marjorie and Aaron remain joint managing conservators, but limited Marjorie's exclusive right to designate the primary residence of the child to Harris County, Texas. Marjorie later filed a counter-petition to modify the parent-child relationship, alleging material and substantial changes in circumstance and seeking appointment as sole managing conservator.

After a bench trial, the trial court found that the material allegations in Aaron's petition were true and the requested modification was in the child's best interest. In its final order, the trial court appointed Aaron as sole managing conservator and Marjorie as parent possessory conservator. Marjorie requested findings of fact and conclusions of law, and she filed a motion for new trial, which the trial court denied.

## Standard of Review

Trial courts have wide discretion regarding custody, control, possession, support, and visitation matters involving children. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex. 1982); *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). We review a trial court's decision on custody, control, possession, and visitation matters for an abuse of discretion; and we reverse a trial court's order only if we determine, from reviewing the record as a whole, that the trial court's decision was arbitrary and unreasonable. *Patterson v.*

*Brist,* 236 S.W.3d 238, 239–40 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd) (citing *Turner v. Turner,* 47 S.W.3d 761, 763 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).  We also apply the abuse of discretion standard to review a trial court's determination of conservatorship and denial of a motion for new trial.  *In re J.A.J.,* 243 S.W.3d 611, 616 (Tex. 2007) (citing *Gillespie,* 644 S.W.2d at 451) (determination of conservatorship); *see Cliff v. Huggins,* 724 S.W.2d 778, 778–79 (Tex. 1987) (denial of a motion for new trial).  We view the evidence in the light most favorable to the trial court's decision and indulge every legal presumption in favor of its judgment.  *Holley,* 864 S.W.2d at 706.  We will reverse only if the trial court abused its discretion by acting without reference to any guiding rules or principles.  *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990).

Legal- and factual-insufficiency challenges are not independent grounds for asserting error in custody determinations, but are relevant factors in determining whether the trial court abused its discretion.  *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.).  To determine if the trial court abused its discretion, we consider whether the trial court had sufficient evidence on which to exercise its discretion and erred in its exercise of that discretion.  *In re H.N.T.*, 367 S.W.3d 901, 903 (Tex. App.—Dallas 2012, no pet.).  There is no abuse of discretion if some evidence of a substantive and probative character supports the

4

decision, and we will not substitute our judgment for that of the trial court. *Holley*, 864 S.W.2d at 706.

## Sufficiency of Aaron's Affidavit

In her second issue, Marjorie argues that the trial court erred in granting Aaron's petition to modify because his affidavit, attached to the petition, did not contain the allegations required for modification. *See* TEX. FAM. CODE ANN. § 156.102 (Vernon Supp. 2012). And she asserts that the trial court erred in not first making a determination that the facts were adequate to support the allegations before it conducted a hearing. *See id.*

Section 156.102 provides:

(a) If a suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child is filed not later than one year after the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based, the person filing the suit shall execute and attach an affidavit as provided by Subsection (b).

(b) The affidavit must contain, along with supporting facts, at least one of the following allegations:

(1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;

(2) that the person who has the exclusive right to designate the primary residence of the child is the person seeking or consenting to the modification and the modification is in the best interest of the child; or

5

(3) that the person who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child for at least six months and the modification is in the best interest of the child.

(c) The court shall deny the relief sought and refuse to schedule a hearing for modification under this section unless the court determines, on the basis of the affidavit, that facts adequate to support an allegation listed in Subsection (b) are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, the court shall set a time and place for the hearing.

*Id*.

An examination of Aaron's affidavit reveals that it contained the allegations required by 156.102(b)(1). In the affidavit, Aaron testified to facts about Marjorie's multiple changes of residence and romantic partners, including two engagements within a few months, erratic behavior, and possible dependency on prescription drugs. Aaron then stated:

I believe that my daughter's present environment at her mother's home may endanger her physical health or significantly impair her emotional development. I believe that my daughter's physical health and emotional development will be impaired if my ex-wife continues to have the right to establish our daughter's residence.

Thus, Aaron's affidavit meets the statutory requirements. *See* TEX. FAM. CODE ANN. § 156.102(a), (b).

Marjorie also argues that Aaron's affidavit is technically deficient and "not even an affidavit" because he only claimed a "strong belief," "perjury will not attach to it," and certain facts alleged by him occurred before the entry of the

6

divorce decree. In support of her argument, Marjorie relies on *Humphreys v. Caldwell,* 888 S.W.2d 469 (Tex. 1994). In *Humphreys*, the Texas Supreme Court held that to be legally sufficient, an affidavit must positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge. *Id*. at 470. The court noted that the affiant stated that his testimony was based on his "own personal knowledge and/or knowledge which he has been able to acquire upon inquiry." *Id.* The court explained that this statement failed "to unequivocally show that th[e] [two affidavits] are based on personal knowledge." *Id.* And the affiant provided no representation that the facts disclosed were true. *Id.* Here, Aaron's affidavit is distinguishable from those in *Humphreys* because Aaron unequivocally states that "[t]he facts stated in this affidavit are within my personal knowledge and are true and correct." Aaron used the phrase "I strongly believe" in a general opening paragraph of his affidavit that was followed by specific facts. Aaron swore that the facts were within his personal knowledge and were true and correct. We conclude that Aaron's affidavit is legally sufficient and meets the requirements of section 156.102.

To evaluate the sufficiency of the supporting affidavit required by section 156.102(b), the trial court was required to look at the sworn facts and determine whether, if true, they justified a hearing on the petition to modify. *In re A.L.W.*, 356 S.W.3d 564, 566 (Tex. App.—Texarkana 2011, no pet.); *Burkhart v. Burkhart*,

7

960 S.W.2d 321, 323 (Tex. App.—Houston [1st. Dist] 1997, pet. denied). Aaron was entitled to a hearing on his motion to modify if he swore to facts adequate to support a finding that the child's physical health "may be endangered" or her "emotional development significantly impaired by the present environment." *See In re A.L.W.*, 356 S.W.3d at 566.

If no affidavit is filed or if a filed affidavit is insufficient, section 156.102(c) requires a trial court to deny a motion to modify and refuse to schedule a hearing on its merits. *See* TEX. FAM. CODE ANN. §156.102(c). However, a trial court is not required to make a specific finding on the record that the affidavit is sufficient to warrant a hearing; and, here, the fact that the court set the hearing is, itself, proof that it considered Aaron's affidavit adequate. *See In re A.L.W.*, 356 S.W.3d at 566–67; *In re S.A.E.,* No. 06–08–00139–CV, 2009 WL 2060087 (Tex. App.—Texarkana July 17, 2009, no pet.) (mem. op.); *In re C.L.L.*, No. 12-06-00007- CV, 2007 WL 2045241, at *3 (Tex. App.—Tyler July 18, 2007, no pet.) (mem. op) (trial court setting and hearing a motion to modify, constitutes proof that trial court regarded affidavit as adequate). Even if the trial court had erroneously conducted a hearing, any error would be harmless if the testimony admitted during the hearing would support an allegation that the child's environment may significantly impair her emotional development, *In re A.L.W.*, 356 S.W.3d at 567; *In re A.C.S.*, 157 S.W.3d 9, 18–19 (Tex. App.—Waco 2004, no pet.).

We overrule Marjorie's second issue.

## Material and Substantial Change of Circumstances

In her first issue, Marjorie argues that the trial court erred in granting Aaron's request to modify custody because he "admitted" in his testimony that there was no change in circumstance and failed to "prove" a change in circumstance.[3] Aaron asserts in response that he presented evidence of a material and substantial change in circumstances and this was supported by Marjorie's testimony. And Aaron asserts that Marjorie judicially admitted to a change in circumstance by seeking her own modification and independently pleading that there was a material and substantial change in circumstance.

A trial court may modify a conservatorship order if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other person affected by the order have materially and substantially changed since the date of the rendition of the prior order. *See* TEX. FAM. CODE ANN.

---

[3] Marjorie argues that in order to modify the child's custody designation in the divorce decree, Aaron had to show that modification would be a "positive improvement for the child" in addition to a material and substantial change of circumstance. However, section 156.202, which provided for modification of joint managing conservatorship, has been repealed, and section 156.101 wasrewritten in 2001. Act of May 22, 2001, 77th Leg., R.S., ch. 1289, §§ 5, 12, 2001 Tex. Gen. Laws 3108, 3111. Before 2001, a movant was required to show a material and substantial change in circumstances as well as positive improvement for the child. *See In re V.L.K.*, 279 S.W.3d 338, 342 (Tex. 2000). The current version of section 156.101 no longer includes the requirement of "positive improvement for the child." *See Lenz v. Lenz*, 79 S.W.3d 10, 12 n.1 (Tex. 2002). Accordingly, we conduct our analysis under the current version of section 156.101.

9

§ 156.101(a)(1)(A) (Vernon Supp. 2012). In determining whether a material and substantial change of circumstances has occurred, the fact finder is not confined to rigid or definite guidelines; instead, the determination is fact-specific and must be made according to the circumstances as they arise. *In re A.L.E.,* 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Material changes may include (1) the marriage of one of the parties; (2) "poisoning" of a child's mind by one of the parties; (3) change in the home surroundings; (4) mistreatment of a child by a parent or step-parent; or (5) a parent's becoming an improper person to exercise custody. *Arrendondo v. Betancourt,* 383 S.W.3d 730, 734–35 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A course of conduct by one parent that hampers a child's opportunity to associate favorably with the other parent may suffice as grounds for re-designating managing conservators. *Id.* at 735. Such a material and substantial change in circumstances may be established by either direct or circumstantial evidence. *In re A.L.E.,* 279 S.W.3d at 429.

Without any specific citation to the record, Marjorie asserts that Aaron "admitted" in his testimony that there was no substantial change in circumstances and he failed to "prove" a substantial change of circumstances between the divorce decree and the filing of the petition to modify. Marjorie's own trial testimony conclusively established changed circumstances sufficient to support the modification in Aaron's favor. She testified that she lived in three different

10

residences in a four-month period; she had been engaged to two different men with only three months separating the engagements; she was unemployed since she had been ordered to move back to Houston; and she kept the child out of school for three days, which constituted "unexcused absences." This testimony alone was sufficient to establish changed circumstances.

Additionally, Aaron offered sufficient evidence of a substantive and probative character to support the trial court's modification of the divorce decree. At trial, Aaron testified that since the entry of the divorce decree he had remarried and had another child, Marjorie had lived in five different residences, the longest period of time being eight months after the trial court entered temporary orders requiring her to bring the child back to Harris County, she had been engaged to two different men, was unemployed, and moved to Nevada with the child. We conclude that at least some evidence of a substantial and probative character exists to support the trial court's finding of a material and substantial change in circumstances since the divorce decree. *See Valdez v. Valdez*, 930 S.W.2d 725, 731 (Tex. App.—Houston [1st Dist.] 1996, no writ).

We overrule Marjorie's first issue.

### Findings of Fact and Conclusions of Law

In her third issue, Marjorie argues that the trial court abused its discretion in modifying child support because it "deviated from the child support guidelines"

11

and did not make findings of fact and conclusions of law "to explain why it deviated from the Child Support Guidelines."  A trial court is required to make specific findings if "the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines under [Family Code] Section[s] 154.125 or 154.129 as applicable" or if a party "files a written request with the court not later than 10 days after the date of the hearing."  TEX. FAM. CODE ANN. § 154.130(a)(1), (3) (Vernon Supp. 2012).  Because Marjorie made a timely request for findings of fact and conclusions of law, the trial court was required to make them.[4]  However, the trial court did not vary from the child support guidelines here, and it made the findings of fact and conclusions of law required by section 154.130 in the modification order.

Section 154.130 provides:

> (b) If findings are required by this section, the court shall state whether the application of the guidelines would be unjust or inappropriate and shall state the following in the child support order:
>
> > "(1) the net resources of the obligor per month are $_____;

---

[4] Aaron argues that Marjorie has waived this issue because she failed to notify the trial court that it had not made the requested findings by filing a "Notice of Past Due Findings of Fact and Conclusions of Law."  *See* TEX. R. CIV. P. 297.  However, section 154.130 states that the statutory requirement of entry of findings and conclusions by the trial court is "[w]ithout regard to Rules 296 through 299, Texas Rules of Civil Procedure."  TEX. FAM. CODE ANN. § 154.130(a) (Vernon Supp. 2012).  Therefore, Marjorie was not required to notify the trial court of any past due findings.  Regardless, the trial court made the findings required by section 154.130 in the modification order.

"2) the net resources of the oblige per month are $_____;

"(3) the percentage applied to the obligor's net resources for child support is _____%; and

"(4) if applicable, the specific reason that the amount of child support per month ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable."

TEX. FAM. CODE ANN. § 154.130.

In the modification order, the trial court found that Marjorie had not provided the court with tax returns or a financial information statement. *See* TEX. FAM. CODE ANN. § 154.063 (Vernon 2008). The court noted that it was basing its child support determination on the percentage guidelines, Marjorie's net resources per month were $2,710.57, and Aaron's net resources per month were $2,375.00. The trial court stated that the percentage applied to the first $7,500 of Marjorie's net resources was twenty percent. Thus, the trial court made the findings of fact and conclusions of law required by section 154.130, and Marjorie was not entitled to any separate findings. *See Evans v. Evans*, 14 S.W.3d 343, 347 (Tex. App.— Houston [14th Dist.] 2000, no pet.).

We overrule Marjorie's third issue.

**Motion for New Trial**

In her fourth issue, Marjorie argues that the trial court abused its discretion in denying her Motion for New Trial because she "point[ed] out to the trial court

13

its error." Having concluded that there was some evidence of a substantial and probative character to support the trial court's finding of material and substantial change in circumstance, we conclude that the trial court did not abuse its discretion in denying Marjorie's motion for new trial.

We overrule Marjorie's fourth issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Brown, and Huddle.