**AFFIRMED and Opinion Filed January 13, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00457-CV**

**IN THE INTEREST OF R.G.A.C.L.G., A CHILD**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-15-17201**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Reichek

Father appeals the trial court's order dismissing his petition to modify the parent-child relationship in which he sought the exclusive right to designate the primary residence of his daughter, R.G.A.C.L.G. ("R.G."). In five issues, Father argues the trial court erred in (1) granting a motion for new trial after a default judgment was rendered in his favor, (2) refusing to grant his first amended motion for summary judgment, (3) considering an untimely response to his second amended motion for summary judgment, and (4) declaring his affidavit in support of his petition to modify inadequate and dismissing his petition. For reasons set out below, we overrule all issues and affirm the trial court's order.

BACKGROUND

On May 1, 2019, the trial court signed a final SAPCR order in this case, finding that Father is the biological father of R.G., naming Father and Mother as joint managing conservators of R.G., and ordering Father to pay child support. The order also named Mother as the parent with the exclusive right to designate the primary residence of R.G. Father appealed the order. *See In the Interest of R.G.A.C.L.G.*, No. 05-19-00846-CV, 2020 WL 4281953 (Tex. App.—Dallas July 27, 2020, no pet.).

On August 29, 2019, four months after the final order was signed and while the appeal was pending, Father filed a new petition to modify managing conservatorship and child support, requesting that the trial court appoint him R.G.'s managing conservator with the exclusive right to determine the child's residence and the exclusive right to make educational decisions, terminate his child support obligation and any child support arrearages, and afford both parties "equal possession, visitation and access of the child." Father attached his unsworn declaration in support of the petition. *See* Tex. Fam. Code Ann. § 156.102 (requiring person filing suit to execute and attach affidavit with facts supporting one of statutory conditions if modification of right to determine primary residence is sought within year); Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a) (providing

that unsworn declaration may be used in lieu of affidavit required by statute, rule, or order).

Subsequently, Father obtained a default judgment that, among other things, named him sole managing conservator with the exclusive rights to designate R.G.'s primary residence and make educational decisions and ordered Mother to pay child support. The Office of the Attorney General of Texas (OAG) filed a timely motion for new trial to set aside the default judgment. While that motion was pending and the default judgment still in place, Father filed a first amended motion for summary judgment and set it for hearing on the same day as the new trial hearing.

At the new trial hearing, the amicus attorney for R.G. told the trial court she had not been served with the petition to modify despite the fact she had not been dismissed from the case and was therefore entitled to service and notice of all pleadings as well as the opportunity to respond. In addition, the OAG complained that it was not given notice of the default hearing. And Mother, who appeared pro se, indicated her confusion about what she needed to do in light of other proceedings in the case. The trial court granted the motion for new trial "on multiple grounds." In a memorandum ruling, the court also found that the first amended motion for summary judgment, set on the same day, was "moot as there was no open case" other than enforcement actions. The court further stated since the case was reopened, "if

a party wants to move for summary judgment, a Motion for same shall be filed and noticed."

Thereafter, Father filed a "2nd Second Motion for Traditional Summary Judgment" and set it for hearing on April 13, 2020. On April 8, the amicus attorney filed a written motion for the trial court to determine whether Father had complied with section 156.102 of the family code when he filed his petition to modify, specifically challenging the sufficiency of Father's affidavit. In the same document, amicus attorney separately responded to Father's second amended motion for summary judgment.

The trial court heard amicus attorney's motion to determine Father's compliance with section 156.102 by submission. The court determined Father's affidavit did not comply with the statute and dismissed Father's petition to modify. Because of its disposition of amicus attorney's motion, the trial court did not reach Father's second amended motion for summary judgment. This appeal followed.

ANALYSIS

1. Granting of New Trial

In his first issue, Father claims the trial court erred in granting the OAG's motion for new trial following the entry of default judgment because the OAG failed to establish the factors set out in *Craddock v. Sunshine Bus Lines, Inc.,* 133 S.W.2d 124, 126 (1939).

4

Generally, an order granting a motion for new trial within the trial court's plenary power "is not subject to review either by direct appeal from that order or from a final judgment rendered after further proceedings in the trial court." *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984); *see also In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding); *Williams v. FlexFrac Transport, LLC*, No. 05-16-01032-CV, 2018 WL 1887440, at *4 (Tex. App.—Dallas Apr. 20, 2018, pet. denied) (mem. op.). Two exceptions to the general rule have been recognized: (1) when the trial court's order is wholly void; and (2) when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). Neither exception applies in this case. Accordingly, we overrule Father's first issue.

## 2. Failure to Grant First Amended Motion for Traditional Summary Judgment

In his second issue, Father contends this Court "should grant mandamus and grant [Father's first amended] motion for traditional summary judgment where the trial court refused to rule on the motion." But, Father did not file a petition for writ of mandamus at the time of the complained-of inaction; rather, he filed a direct appeal after a final order. Regardless, as the trial court noted, Father filed the motion at a time when there were no issues to resolve. Once the trial court re-opened the case, Father filed a second amended motion and has not explained how he was

5

harmed by having to do so. Moreover, within in his issue, he has not argued the merits of his motion. And, finally, the trial court ultimately determined that his affidavit was inadequate and dismissed the petition, a conclusion that we agree with, as explained below. Given these considerations, we overrule the second issue.

3. Second Amended Motion for Traditional Summary Judgment

In his third issue, Father complains the trial court erred in considering the amicus attorney's response to his second amended motion for traditional summary judgment. He argues the response was filed late, amicus did not seek leave to file, and the court therefore should have stricken it.

The flaw in Father's reasoning here is that the trial court did not consider the response to his second summary judgment motion; rather, the court dismissed his petition to modify for lack of an adequate affidavit. As the order states: "Based on the ruling above the Court finds no need to determine the merits of Petitioner's 2d Motion for Summary Judgment." Accordingly, the record does not support Father's complaint. We overrule the third issue.

4. Section 156.102 Affidavit

Father's fourth and fifth issue address the affidavit in support of his petition to modify. He complains that (1) the court could not dismiss his case for inadequacy of the affidavit after setting the summary judgment motion for a hearing and (2) even

6

if the court could do so, it erred here because the affidavit contained sufficient supporting facts.

When establishing the means to modify custody orders, the legislature established a system that attempts to promote stability in the conservatorship of children by discouraging relitigation of custodial issues within a short period after the custody order. *Burkhart v. Burkhart*, 960 S.W.2d 321, 323 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). Thus, a person who seeks to change the designation of the person who has the exclusive right to determine the child's primary residence within a year after such designation was ordered faces a heightened burden. *Id*. In such a circumstance, section 156.102 of the family code requires the petitioner to file an affidavit that supports a finding of the existence of one of three conditions set out in subsection (b) of the statute. TEX. FAM. CODE ANN. § 156.102(a). The court shall deny the relief sought and refuse to schedule a hearing for modification unless the court determines, on the basis of the affidavit, that facts adequate to support an allegation listed in subsection (b) are stated in the affidavit. *Id*. § 156.102(c). If the court determines that the facts stated are adequate to support such an allegation, the court shall set a time and place for the hearing. *Id*. § 156.102(c).

Father first contends that under the express language of the statute, a trial court cannot set a hearing unless "it has approved Petitioner's affidavit." He argues that "[t]he fact that the trial court set the [summary judgment] hearing on 4/13/2020

7

where the principal issue was modification was proof that it regarded a filed affidavit as adequate." From there, he contends the trial court "did not have the power to later reverse that finding and dismiss his petition." We disagree.

Although Father's second amended motion for summary judgment was set for a hearing, the trial court explicitly determined his affidavit failed to comply with section 156.102. The trial court did not consider the merits of Father's motion for summary judgment or grant any temporary orders arising out of his petition. *See e.g., In re A.L.W.*, 356 S.W.3d 564, 565 (Tex. App.—Texarkana 2011, no pet.) (concluding hearing that resulted in temporary orders was "implicit finding" that allegations in affidavit were sufficient). And, nothing in the plain wording of the statute precludes a party from challenging an affidavit once a hearing has been set or precludes the trial court from considering the challenge prior to hearing any evidence. To conclude otherwise would transform a statute that provides a method for summarily disposing of unmeritorious petitions to modify into a procedural "Gotcha" device without regard for compliance with the statute. More importantly, Father's interpretation would thwart public policy disfavoring disruption of custodial arrangements within the first year and unnecessarily prolong a case where a petitioner has failed to file a sufficient supporting affidavit, which, for reasons shown below, we conclude he did here.

8

We review the trial court's ruling on the sufficiency of an affidavit filed under section 156.102 for an abuse of discretion. *In re E.R.L.C.*, No. 05-06-01203-CV, 2008 WL 274058, at *2 (Tex. App.—Dallas Feb. 1, 2008, no pet.) (mem. op.). An abuse of discretion is shown when the trial court acts arbitrarily and unreasonably or without reference to guiding principles. *In re A.M.C.*, No. 05-19-00184-CV, 2020 WL 4726639, at *2 (Tex. App.—Dallas Aug. 14, 2020, no pet.) (mem. op.).

To evaluate the sufficiency of a section 156.102 affidavit, a trial court must look at the sworn facts and determine whether, if true, they justify a hearing on the petition to modify. *In re A.L.W.*, 356 S.W.3d at 566; *Burkhart*, 960 S.W.2d at 323. An affidavit not explicitly based on personal knowledge is legally insufficient. *In re D.W.J.B.*, 362 S.W.3d 777, 780–81 (Tex. App.—Texarkana 2012, no pet.).

Here, Father argues his affidavit contained "a plethora of facts" to support an allegation under subsection (b). The only subsection (b) allegation that would be pertinent here is that R.G.'s present environment may endanger her physical health or significantly impair her emotional development. *See* TEX. FAM. CODE ANN. § 156.102(b)(1).

Father's affidavit is focused on R.G.'s classroom difficulties. He asserts that, in March 2019, R.G.'s school "indicated" to him that R.G. "was having difficulty in her classes: that she is not grasping many of the concepts and that she is in need of additional help." He does not state what, if anything, the school pointed to as the

9

reason for R.G.'s difficulties. Rather, he asserts that R.G.'s troubles stem from "a lack of consistency in her attendance" and alleges that Mother failed to take her to school "on numerous occasion," and that when Mother did take her to school, "she would arrive several hours late and classes already long since begun." He then asserts that in April 2019, the "school stated" R.G. would "have to repeat kindergarten, and she would not be permitted to advance to 1st grade." In May 2019, his parents hired a tutor for R.G. in Cedar Hill, and Father asserted that R.G. was attending tutoring every weekend and some weekdays. He asserted R.G.'s residence in Arlington was "too far away" for her to derive the benefit of all the tutoring she needs and complains the current order "is unfeasible" because he has to go and pick her up. He states he is unemployed, and the "costs and time associated with the commute are unfeasible." He then speculates on the effect of Mother's alleged failures in getting R.G. to school on time. He also asserts the order has caused R.G. "emotional distress," that he has less access to her, and that R.G. has "crying fits" to see him and "has feelings of abandonment."

At the outset, we note that some of Father's assertions predate the May 1, 2019 final order in this case, and it is not clear that the allegations are relevant to R.G.'s "present environment." Moreover, Father relies on statements of others, does not explain how he has personal knowledge of other allegations, and speculates about their effect on R.G. For example, he specifically does not provide any

supporting *facts* to show why R.G. is having difficulty in school. Although he blames it on Mother, he does not explain how he knows that Mother takes R.G. to school late or not at all nor does he provide any factual support that those allegations are the cause of R.G.'s learning difficulties. Additionally, whether it would be easier and more economical for him if he could avoid the commute does not support the allegation that R.G.'s present environment could endanger her physical health or significantly impair her emotional development; rather, it speaks in terms of how the situation has affected him. Finally, his contention that R.G. has had difficulty adjusting to the final order because of his lack of access to her fails to show a significant impairment to R.G.'s emotional development. At the time he filed the affidavit, the order had been in place for only four months, which was only a short time for a child to make an adjustment, and Mother was given the right to determine the domicile of the child. Considering the affidavit as a whole, we cannot conclude the trial court abused its discretion in determining Father failed to meet the burden required to disturb the court's four-month-old order. We overrule the fourth and fifth issues.

We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200457F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF
R.G.A.C.L.G., A CHILD

No. 05-20-00457-CV          V.

On Appeal from the 301st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-15-17201.
Opinion delivered by Justice
Reichek; Justices Osborne and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the trial court's April 13, 2020 order is **AFFIRMED**.

It is **ORDERED** that appellees Tiffany Khalil and the Office of the Attorney General of Texas recover their costs of this appeal from appellant Christopher Graham.

Judgment entered January 13, 2022.